HARDY, Judge.
This action was instituted by plaintiffs for the recovery of property damages sustained by their respective motor vehicles as the result of an intersectional collision with an automobile driven by defendant wife, Frances Cooper, and owned by the community between her and her husband, Willie Cooper, who was also named as a defendant. Defendants reconvened, praying for judgment for property damages sustained by their automobile, against the plaintiff, Gagliano. From a judgment in favor of defendants rejecting plaintiffs’ demands, and further judgment in favor of defendants, as plaintiffs in reconvention, and against the plaintiff Gagliano, as defendant in reconvention, in the principal sum of $378.99, the plaintiffs prosecute this appeal.
The accident occurred shortly before 5 :00 P.M. on November 9, 1959, at the intersection of Hickory Avenue and the Airline Highway. Mrs. Cooper was driving her automobile east across the intersection and struck the Gagliano car in the extreme easterly lane of northbound traffic on the highway just before entering the continuation of Hickory Avenue, which at this point angles to the north and bears the name of David Drive. The force of the collision threw the Cooper car into the Stephens’ truck, which was stopped, headed west, at the intersection of David Drive and the Airline Highway.
The issues involved in the instant case are purely factual. Both the plaintiff, Gagliano, and the defendant, Mrs. Cooper, alleged and testified that they were moving on a green light and it follows that one or the other of the parties is in error on this point. The experienced trial judge, with *487 out assignment of written reasons, rendered judgment in favor of defendants, and it must necessarily be concluded that he disbelieved the testimony of plaintiffs as to the color of the light controlling the flow of traffic at the time.
Counsel for plaintiffs strenuously urges that the conclusion of the trial judge should not be accorded the effect customarily attributed thereto by appellate tribunals in matters involving purely factual questions. This argument is predicated upon the contention that the judgment was not rendered until some six months after trial, at which time, according to counsel’s statement in brief, the testimony taken on trial had not been transcribed. While this is a relevant argument, as stated in Smith v. Tri-State Transit Company of La., La.App., 175 So. 83 (2nd Circuit, 1937), our careful review of the record has completely failed to persuade us that the judgment appealed from is erroneous.
Testimony on behalf of plaintiffs was tendered by themselves and two other witnesses, one of whom, Kaiser, was driving a vehicle stopped behind the Stephens’ truck, and the other, Mrs. Daigle, a pedestrian walking in front of a motel facing the Airline Highway at the southwest corner of the intersection. This witness did not see the accident and the burden of her testimony was that she had seen the Gag-liano car moving toward the intersection, preceded by other cars.
If cases were to be decided upon the basis of the number of witnesses produced -by the parties, there would be no question as to plaintiffs’ right to prevail. However, there are numerous factors which must be taken into consideration and which, happily, prevent conclusions based upon such a fallible circumstance. The credibility of the testimony of the witness Kaiser was seriously questioned by the district judge during the course of the trial. The testimony of Mrs. Daigle is of little, if any, value, since she admitted she did not see the collision, and, in fact, could not observe the intersection from her position on the sidewalk. Our examination of the testimony of these witnesses does not indicate that it should be accorded any serious consideration. This conclusion thus leaves only the testimony of the interested parties litigant. Gagliano testified that he entered the intersection on a green light, following four or five other cars and with an interval of only five feet between his car and the immediately preceding vehicle. This testimony is corroborated by Stephens, the other plaintiff. Mrs. Cooper testified just as positively that she entered the Airline Highway intersection on a green light and had almost completed the crossing when the Gagliano car moved out in front of the path of her vehicle from the extreme east lane, and as a result the front of her car struck the left front side of the Gagliano automobile.
The factual circumstance which most strongly militates against the acceptance of the story given by Gagliano and Stephens is that Mrs. Cooper, during the afternoon rush traffic period, had crossed the several southbound lanes, the strip of neutral ground, and all of the northbound lanes of the Airline Highway without interference or difficulty until she collided with the Gag-liano car, which drove in front of her, northbound, in the extreme east traffic lane. In all reason, we think this operation would have been utterly impossible of accomplishment unless Mrs. Cooper had, in truth, entered the intersection on a green light signal. Even according to the testimony of the plaintiffs, the line of northbound cars in the lane immediately west of Gagliano remained at a standstill as he drove into the intersection.
Conceding, though not accepting as established, the fact that the signal light changed during Mrs. Cooper’s crossing of the intersection, the rule of liability announced by this court in Blue Ribbon Cleaners v. Aetna Casualty & Surety Company, La.App., 125 So.2d 613, would apply and the burden of liability would be placed upon Gagliano.
*488 It is our conclusion that Mrs. Cooper entered and proceeded across the intersection •on a green light signal, and that the negligence of the plaintiff,' Gagliano, driving into the path of her automobile, was the sole and proximate cause of the accident. It follows that there is no error in the judgment appealed from, and, accordingly, the same is affirmed at appellants’ cost.