HALL, Judge.
A 1964 Volkswagen automobile owned and operated by Lonnie C. Renfroe (hereinafter referred to as “plaintiff”) was damaged in an intersectional collision with a passenger bus owned and operated by New Orleans Public Service, Inc. Vico Insurance Company, plaintiff’s subrogated collision insurer, sued defendant for its outlay of $189.27 and plaintiff joined in the suit to recover his deductible of $50.00. Defendant answered denying any negligence on the part of its bus operator and in the alternative defendant pled contributory negligence on the part of plaintiff.
After hearing the evidence and after personally viewing the scene of the accident the Trial Judge held that the accident was due to the joint negligence of both drivers and dismissed the suit. Vico Insurance Company and plaintiff appealed.
Since defendant filed no reconventional demand and did not appeal the sole issue presented is whether plaintiff was contribu-torily negligent.
The accident happened about 1 o’clock P. M. on March 21, 1964 at the intersection opposite the New Orleans Terminal Passenger Station which is created by the confluence of Loyola Avenue, South Rampart Street and Howard Avenue. This is a complex intersection studded with traffic lights and can be visualized only after personal inspection or by reference to the diagram filed in the record. Plowever for all purposes affecting a decision of this case we may simplify the situation by regarding it as a T intersection created by the confluence of Howard Avenue and South Rampart Street. Howard Avenue is a broad thoroughfare running from the river in a direction towards the lake and ends at its intersection with South Rampart which runs in an uptown-downtown direction and forms the cross on the T. South Rampart Street at this point is a wide one-way street reserved for traffic proceeding in a downtown direction. Howard Avenue consists of two wide roadways divided by a ten foot neutral ground. In the middle of its upper roadway, which is reserved for river bound traffic, there is a small safety island right at its junction with South Rampart Street. The lower roadway of Howard Avenue, which accommodates traffic going in the opposite direction, has no such safety island. There is a traffic light on the safety island in the upper roadway and another traffic light at the end of the neutral ground of Howard Avenue at South Rampart Street.
On the day and at the time in question defendant’s bus, which was on its way downtown on South Rampart Street, stopped to pick up a passenger at the corner formed by the upper roadway of Howard Avenue. At the time the bus stopped the traffic lights facing him in the intersection showed green. At this same time plaintiff who had been proceeding in his Volkswagen toward the lake on the lower roadway of Howard Avenue was at a stop before entering South Rampart Street in obedience to the lights which showed red for him.
Plaintiff testified that he saw the bus stop to pick up the passenger. Harold L. Hirsch Sr., the bus operator, also saw plaintiff’s Volkswagen stopped for the red light.
After the passenger had boarded the bus the operator, Hirsch, proceeded out into the intersection. Moments later plaintiff entered the intersection and the two vehicles collided. The record is clear to the effect that the traffic lights were still green for the bus driver when he. entered the intersection, but that they had changed to amber before he had completed his crossing. It also seems that plaintiff did not enter the intersection until the green arrow facing him came on. He so testified and the Trial Judge stated that he believed him.
Plaintiff testified that he saw the bus enter the intersection on a green light, that he saw the light turn to amber as the bus *427 pulled off toward the safety island. He further testified as follows:
■“ * * * I was of the opinion that the bus was either — was going to stop at that island allowing the traffic to continue towards town from Loyol'a, from Howard, and I waited for my ■green light. As I looked up again and I saw the bus had approached the neutral ground, at this time it was approaching the neutral ground, my light had turned green and I was still of the opinion that it should stop at the neutral ground allowing the traffic to continue on and as it was, I pulled off * * * ”
We are of the opinion that plaintiff’s own testimony convicts him of contributory negligence. The record indicates that the bus is approximately forty feet long and was travelling about fifteen miles per hour. The neutral ground is only ten feet wide and it was not reasonable for plaintiff to assume that a vehicle this size would stop or even attempt to stop at the neutral ground. If the bus had stopped it would have blocked all traffic proceeding across the intersection toward the river on Howard Avenue and perhaps have caused a more serious accident.
Plaintiff was at fault in entering the intersection immediately upon being faced by a favorable traffic light without first making certain that there was not in the intersection some other vehicle which had entered it and had been unable to clear it before a change in the light. See Schindler v. Gage, La.App., 59 So.2d 215; Sangree v. Grilletta, La.App., 42 So.2d 851; Martin v. Slocum, La.App., 147 So.2d 454; Blue Ribbon Cleaners v. Aetna Casualty & Surety Co., La.App., 125 So.2d 613.
Moreover plaintiff’s action in doing so violated the provisions of Sec. 38-42(a) (1) of The Code of The City of New Orleans which provides as follows:
“(a) Green Alone or ‘Go.’
(1) Vehicular traffic facing the signal may proceed straight through or turn right or left unless a sign at such place prohibits either such turn. But vehicular traffic, including vehicles turning right or left shall yield the right of way to other vehicles and to pedestrains lawfully within the intersection or an adjacent crosswalk at the time such signal is exhibited.”
For the foregoing reasons the judgment appealed from is affirmed, costs of this appeal to be borne by appellants.
Affirmed.