F. S. ELLIS, Judge pro tem.
This is a damage suit arising out of a collision which occurred at the intersection of Main Street and North 22nd Street in the city of Baton Rouge, which intersection is controlled by a traffic light. Just before the accident, plaintiff Martha McDaniel was driving in an easterly direction on Main Street, a two lane street, twenty-two feet in width. The other vehicle, driven by Mrs. Sharon Caston, was headed south on North 22nd Street, a four lane street, divided by a two foot wide neutral ground. The point of impact of the two vehicles was in the south lane of Main Street, about three feet into the intersection on a green light.
The case was tried before a jury and was decided adversely to plaintiff. Plaintiff has taken a devolutive appeal from the judgment signed pursuant to the verdict of the jury.
Plaintiff testified that she came to the intersection when the light facing her was red, and brought her car to a stop. When the light changed to green, she stated that she looked to the right, toward Florida Street, and saw nothing coming. She started her car moving ahead, and then looked to her left just as the collision occurred. She brought her car to a halt at that point.
Mrs. Caston testified on direct examination that the light was green as she approached the intersection, but that she thought it turned yellow just as she got *562 to it. She stated that she did not see the McDaniel car before the collision.
On cross examination, Mrs. Caston testified that she had not stopped at any corner of North 22nd Street north of Main Street, because all of the lights were flashing yellow up until Main Street.
In rebuttal, plaintiff called Duane T. Evans, City Traffic Engineer for Baton Rouge, who testified that the signals on North 22nd were all flashing yellow, except for those at Main, Florida and North Street. North Street is located one block north of Main Street, and the signal at that corner is operated by the same timer that operates the light at Main Street, so that these lights always show the same color ■on North 22nd Street.
C. M. Caston, Mrs. Caston’s husband, was following her in his car at a distance of .about one block and witnessed the collision. He had been following his wife for three or four miles, and testified that her speed was about thirty miles per hour. He testified that the light was green facing North 22nd when the collision occurred. He further testified that the light at North Street .and North 22nd Street was green when his wife went under it and when he went under it. However, by the time he arrived at the ■corner of Main and North 22nd, following the collision, the light was red facing North 22nd Street.
It is plaintiff’s contention that Mrs. Cas-ton’s testimony that all of the lights were flashing yellow until she reached Main .Street can be interpreted to mean only that she went through the light at North Street when it was yellow and therefore could not have reached Main on a green light since, according to Mr. Evans, the signal ■displayed a yellow light for only three seconds, and then remained red for twenty-four seconds.
However, all of her testimony was preceded by a declaration that her recollection on that point was uncertain, while the testimony of her husband was clear and con-vincmg on the point of the condition of the light at North and North 22nd, as well as at Main.
Further, even if the light were green for Mrs. McDaniel when she entered the intersection, her failure to take the elementary precaution of glancing to her left before starting up would make her contributorily negligent.
We can not say that, based on the foregoing testimony, the verdict of the jury is erroneous, but, to the contrary, find that it is supported by the evidence.
The judgment appealed from is, accordingly, affirmed.
Affirmed.