HALL, Judge.
Plaintiff sued Paul Oakley (hereinafter referred to as “defendant”) and his public liability insurers for damages for personal injuries received by him in an accident involving an automobile owned and driven by him and an automobile owned and operated by defendant. Defendant denied any negligence on his part and in the alternative plead contributory negligence on the part of plaintiff. Trial on the merits resulted in a judgment for plaintiff in the sum of $3,887.50, and defendant and his insurers appealed.
*81 The sole issue is liability, no question as to quantum being raised by either .party. Only questions of fact are presented. The law is too well settled to call for any discussion.
The Trial Judge held that the collision was caused solely by defendant’s negligence and that there was no contributory negligence on the part of plaintiff. The ultimate question before us is whether the Trial Judge’s evaluation of the facts as disclosed by the testimony is so manifestly erroneous as to warrant reversal of the judgment.
The record reveals the following:
The accident occurred on March 4, 1964 at about 10 o’clock P.M. at the intersection of Canal and Roman Streets in the City of New Orleans. Canal Street is a broad right of way thoroughfare running in a river-lake direction and consists of two roadways divided by a neutral ground. The roadway on the uptown side of the neutral ground accommodates traffic proceeding toward the river, the other roadway being reserved for traffic going in the opposite direction. As of the date of this accident (Canal Street has since been rearranged) each roadway consisted of two lanes for moving traffic and a third lane next to the curb for parking. The moving traffic lanes were estimated to be 10 to 12 feet wide and the parking lane 8 feet wide. The moving traffic lanes were divided by a white stripe.
Roman Street runs in an uptown-downtown direction and crosses Canal Street at right angles at a distance of three blocks riverwards from the intersection of Galvez and Canal Streets where there is a traffic light.
At the time of the accident the weather was fair and the streets dry.
Defendant’s automobile had been parked facing toward the river at the uptown curb of Canal Street at a distance of 100 feet (according to defendant’s testimony) lakewards from the corner of Roman Street. Returning from a picture show, defendant got in his car, started his engine and pulled out to his left across the uptown roadway of Canal Street with the intention of executing a U-turn through the Canal Street neutral ground at Roman Street and proceeding toward the lake on the opposite side of Canal Street.
Defendant testified that before leaving the curb he looked to his rear along Canal Street and observed the lights of only one car approaching; that at that time the approaching car had just cleared the traffic light at Galvez Street three blocks away and was travelling riverwards on Canal Street in the traffic lane next to the neutral ground. Defendant further testified that when he started to pull away from the curb out into the street his car stalled. He pushed in his clutch, “revved up” his engine, and looked the second time at the approaching car, which was then at least a block and a half away; that he felt he had plenty of time to make it to the corner of Roman Street so he crossed over to the neutral ground lane, entering it about 30 feet from the corner and straightened out toward the river; that he was almost to the corner when his car started jerking again; that he “revved up” his engine and his left headlight was just turning left into the opening where Roman Street crosses the Canal Street neutral ground when he heard a loud screeching of brakes and plaintiff’s car hit him in the right rear turning him into the neutral ground facing in a downtown direction; that plaintiff’s car left 30 feet of skid marks.
Plaintiff had been proceeding toward the river in the uptown roadway of Canal Street in the traffic lane next to the neutral ground at about 25 miles per hour (speed limit 35 m.p.h.). He testified that when he was approximately 25 or 30 feet from the intersection of Roman Street defendant’s car came from his right attempting to cut diagonally across in front of him in *82 order to make a left turn through the Canal Street neutral ground at Roman Street; that he applied his brakes and swerved to the right attempting to avoid hitting defendant by passing to his rear, but the left front of his car hit a glancing blow to the rear center section and right rear of defendant’s car; that the reason he hit defendant’s car in the right rear is that defendant’s car was headed diagonally into the neutral ground at the moment of impact. As a result of the collision plaintiff was jammed between the steering wheel and the door of his car injuring his neck and back.
Plaintiff and defendant were the only eye witnesses to the accident. Officer Kirchem of the New Orleans Police Department investigated the accident shortly after it happened. He noticed no skid marks. He placed the point of impact (as shown by the debris in the street) in the intersection close to the white line dividing the two traffic lanes. Both Officer Kirchem and plaintiff testified that after the accident defendant pointed out to them the place where he had been parked and that the place pointed out by defendant was in the darkness under some large oak trees approximately 20 feet lakewards of the corner of Roman Street. Officer Kirchem further testified that defendant admitted to him that he never saw plaintiff’s car approaching.
Plaintiff theorized that defendant had crossed directly from this parking place in a diagonal direction to the place where the accident occurred. Although plaintiff testified at one point that he saw defendant’s car as it left the curb he later said he first saw the car when it suddenly appeared at his right.
“ * * * I seen his car when it took off, noLwhen it took off. I seen his car when it was on the right hand side of me attempting to cut across in front of me, and I was approximately 20 or 30 feet behind him when I realized he was cutting across me.”
Defendant’s contention is that he was parked 100 feet from the corner of Roman Street and that he crossed directly to the neutral ground lane and had travelled 30 feet toward the river in that lane before he was hit; that his car was facing the river when the collision occurred which is the reason that the only damage to his car was to its right rear.
Regardless of which is correct, plaintiff’s version or defendant’s contention, we are of the opinion that defendant was grossly negligent and that plaintiff was not contributorily negligent.
Apparently accepting defendant’s testimony that he had been parked 100 feet from the corner and was travelling in the neutral ground lane when hit, the District Judge in his written “Reasons for Judgment” said in part:
“Although defendants contend that there was no negligence on the part of OAKLEY, the Court is convinced that he was grossly negligent in attempting the left turn maneuver. Defendants primary defense however is that plaintiff was guilty of contributory negligence such as to bar his recovery. They contend that the OAKLEY vehicle reached the left hand lane far enough in advance of the PISA vehicle so that he should have seen it and avoided it. The Court cannot agree with this contention.
“It is the opinion of the Court that this collision was caused solely by the negligence of the defendant OAKLEY in suddenly pulling from the right hand curb over into plaintiff’s lane of travel, an extremely dangerous maneuver. The Court finds that the plaintiff was not contributorily negligent. He had the right of way and was traveling at a legal rate of speed *83 in the inner lane of the roadway close to the neutral ground. When the OAKLEY vehicle cut across Canal Street from right to left into plaintiff’s lane of travel, plaintiff did everything possible to avoid the accident, hut it was too late. See Marchadie v. Maryland Casualty Company (La.App. 4th Cir. 1965) 173 So.2d 1.”
Defendant contends that he was travel-ling very slowly (5 to 10 m.p.h.) and takes exception to the Trial Judge’s statement that he “suddenly” pulled out from the curb and that he “cut across Canal Street”. However we are of the opinion that, regardless of his speed, defendant negligently crossed the street and entered plaintiff’s lane of travel at a time when it was too late for plaintiff to avoid the accident. There is no hint in the record that plaintiff was travelling at an unlawful rate of speed.
The facts in Marchadie v. Maryland Casualty Company, La.App., 173 So.2d 1, (writ refused June 7, 1965) cited by the District Judge, are in some respects strikingly similar to the case at hand. In that case we said:
“We are of the opinion, as was the Trial Judge, that plaintiff was not contributorily negligent. He had the right of way and was travelling at a legal rate of speed in the inner lane of the roadway close to the neutral ground curb. His attention was necessarily devoted primarily to traffic in front of him, and he was under no duty to watch cars parked at the opposite curb of his three lane roadway. Moreover had he seen defendant’s car when it first pulled from the curb he was entitled to expect it to continue towards the river in the middle lane of traffic which was clear, and not to cross over in front of him. When he observed that defendant was coming over into his lane he did everything possible to avoid the accident but it was too late.”
We find no manifest error in the judgment appealed from and it is affirmed; costs of this appeal to be borne by defendants-appellants.
Affirmed.