FRUGÉ, Judge.
This is a suit for damages instituted by Motors Insurance Corporation as the collision insurer and subrogee of Hilda Gui-dry Thomas, against Mrs. Willie Mae Mun-son, arising out of an automobile accident which occurred when the plaintiff’s insured attempted a lefthand turn off U. S. Highway 190 and was struck by defendant’s vehicle, which was attempting to pass plaintiff’s insured’s vehicle. Hilda Guidry Thomas, the -assured, has also sued defendant for her deductible of $50.00 and for personal injuries.
After trial on the merits, the district court concluded that plaintiffs were barred from recovery based on the contributory negligence of Hilda Guidry Thomas. Judgment was rendered rejecting the demands of both plaintiffs, and from this judgment plaintiffs have appealed.
The accident causing the injuries and damages to the plaintiffs occurred on April 11, 1963, at approximately 8:00 P.M. on U. S. Highway 190 about 2.4 miles west of the town of Lawtell. Both vehicles were being driven in a westerly direction on said highway immediately prior to the collision. Plaintiff Hilda Thomas, driving at a low rate of speed and being followed by a number of vehicles, attempted to turn off the highway onto a small parish gravel road on the south side of U. S. 190. As she approached the gravel road, she gave a signal for a left turn by turning on her blinker indicator. Hilda Thomas testified that when she came abreast of the gravel road she brought her vehicle to a complete stop before attempting to turn. She also testified she did not see the Munson vehicle attempting to pass; in fact, she did not see the Munson vehicle until after the collision.
Parish deputy C. J. Dorsey testified he was driving the vehicle which was immediately following the plaintiff's vehicle and that her blinker light was on for a quarter of a mile. However, he testified he did not have to stop his vehicle in order for her to make her intended left turn.
Defendant, Mrs. Munson, testified that her vehicle was the third vehicle in the line behind the plaintiff and she decided to pass the slower moving vehicles when the eastbound lane of U. S. 190 became clear. It was not until she had passed the vehicle in front of her and was beside Deputy Dorsey’s patrol car that she first noticed plaintiff’s indicating her intention to turn left. At this point Mrs. Munson blew her horn, braked her vehicle and attempted to turn parallel with the Thomas vehicle, but the collision occurred.
State Trooper Lee C. Langley, who investigated the accident, testified that the small parish gravel road plaintiff was turn *560 ing into could not be classified as an intersection, and there were no traffic controls or yellow line to forbid passing at the site of the collision. Trooper Langley issued Miss Thomas a traffic citation for an improper left turn.
Whether or not Mrs. Munson was negligent, we must conclude as did the lower court that Miss Thomas was negligent in attempting a lefthand turn from a heavily congested highway without making adequate lookout immediately before undertaking such a movement, so as to • ascertain whether the turn could be made in safety.
This court, in the case of Desormeaux v. Continental Insurance Co., La. App. 3 Cir., 153 So.2d 128, held:
“The law places a responsibility upon the driver of a car desiring to make a left turn to ascertain before attempting to do so that such a maneuver can be made safely and without danger or undue delay to overtaking or oncoming traffic. He must refrain from making a left turn unless the way is clear, and if a collision occurs while he is attempting such a maneuver, the burden rests heavily on him to show he was free from negligence.”
The trial judge heard the testimony of all the witnesses testifying before him, and this court will give great weight and will not disturb on appeal the lower court’s findings of fact unless proven to be clearly erroneous. Martin v. LeBlanc, La. App., 157 So.2d 283, and cases cited.
The evidence preponderates that Miss Thomas did not, as a reasonable and prudent person should have done, make adequate lookout immediately prior to attempting the lefthand turn, so as to determine if this maneuver could be made safely without endangering herself or the safety of others. The. record clearly supports the conclusion reached by the trial court that Miss Thomas was negligent in attempting to make- a left turn when it should have been obvious to her that such a turn could not be made safely, without first determining that there were no cars in the process of passing her.
In our opinion the trial court correctly held that the negligence of Miss Thomas was a contributing cause of this accident, and that because of this negligence the plaintiffs in this suit are barred from recovery. For reasons assigned herein, the judgment appealed from is affirmed. All costs of this appeal are assessed to the appellants.
Affirmed.