HOOD, Judge.
Plaintiff, Martin L. Close, instituted this suit for damages for personal injuries sustained by him when a pickup truck which he was driving collided with an automobile being driven by Allen J. Stewart. The suit was instituted against Stewart and against plaintiff’s liability insurer, Lumbermens Casualty Company, under an uninsured motorist provision of the policy. The defendants answered denying negligence by Stewart and alternatively pleading contributory negligence on the part of plaintiff. Stewart also reconvened for damages, alleging that the sole cause of the accident was plaintiff’s negligence. Judgment on the merits was rendered by the trial court rejecting the demands of both the plaintiff and the recon-venor. Plaintiff has appealed.
The accident occurred about 8:00 a.m. on May 18, 1966, at the intersection of Third Street and Washington Street in the City of Alexandria, both of which streets are paved city thoroughfares. Plaintiff was driving his 1950 model Ford pickup truck in a southerly direction on Third Street. As he was traversing the intersection of Third and Washington Streets the left side of his truck was struck by the front of an automobile which was being driven in a westerly direction by Stewart.
Third Street at that point is a one-way street for traffic moving in a southerly direction, and Washington Street is a one-way street for vehicles moving in a westerly direction. Traffic at the intersection of those two streets is controlled by a semaphore traffic light, which is synchronized with similar lights at two other intersections north of the point where the accident occurred, so that if a motorist maintains the proper speed while driving south on Third Street he will encounter a green traffic light as he reaches each intersection and thus he usually will not have to stop.
Plaintiff testified that he frequently traveled that route, driving south on Third Street, and that he had determined from his prior observation of the traffic lights that if he maintained a speed of from 12 to 15 miles per hour on Third Street he could “go all the way without being stopped.” He approached the intersection of Third and Washington Streets at that speed, confident that the traffic light would turn green before he reached it, and he stated that the traffic light facing him, in fact, did turn green when he reached a point about 36 inches from the intersection. He testified, “I’d say that we were not more than thirty- *573 six inches. Now that’s just how well we were able to play it, we had been doing that for years and years and years, hardly ever missed a lick.” Mr. Close further stated that he saw the Stewart car before and after he had entered the intersection, that Stewart was driving almost “twice as fast” as was plaintiff, and that when he realized that Stewart did not intend to stop he “just shot the gas” to his truck in an unsuccessful effort to avoid a collision.'
Stewart testified that while he was driving west on Washington Street, he brought his car to a stop behind a Chevrolet automobile which was ahead of him on the same street and which was stopped for a red light at this intersection. He stated that he remained stopped in that position for about three seconds, that the Chevrolet proceeded across Third Street, and that he then entered the intersection following the car which was ahead of him. He testified that the traffic light was green for vehicles traveling west on Washington Street at the time he entered the intersection, and that he was driving at a speed of about 10 miles per hour when the collision occurred. He concedes that he did not see plaintiff’s truck at any time until the collision actually occurred.
Mrs. N. R. Kaplan, a completely disinterested witness, was driving her car south on Third Street, approximately a car length behind plaintiff’s truck, as the latter neared the intersection. She testified that she was driving at a speed of about 15 miles per hour and that she noticed that the traffic light was red for vehicles on Third Street as she approached the intersection. She did not notice the color of the traffic signal at the moment plaintiff’s truck entered the intersection, but she stated that she saw the collision occur and then she observed that the traffic light was green for traffic on Third Street at the time the vehicles collided. She testified, “I saw the collision and looked up at the light almost at the same time, it was all in my line of vision, I noticed that it had changed to green.”
Another witness testified that he saw the accident occur, but because of numerous discrepancies in his statements the trial judge rejected and completely disregarded his testimony. We have examined the record and we think the court was justified in rejecting the statements of this witness.
The evidence shows that the collision occurred in about the center of the intersection. Stewart’s statement to the effect that he stopped behind another car immediately before he entered this crossing, and that that car proceeded to cross Third Street immediately ahead of him, is not supported or corroborated by the testimony of any of the other witnesses. We, like the trial judge, are convinced that Stewart did not stop immediately before entering the intersection.
The trial judge concluded that plaintiff “entered the intersection on the red light,” that he was negligent in doing so and that his negligence was a concurrent and proximate cause of the accident, barring him from recovery. The trial judge also found that Stewart entered the intersection on an amber light, that he “figured that he could beat his way across Third Street before the light changed to red,” and that “he was not keeping a proper lookout as he should have under all of the circumstances.” The court concluded that Stewart was negligent and that his negligence also was a concurrent and proximate cause of the accident. Under these findings the trial court rejected the demands of the original plaintiff, Close, and of the plaintiff in reconvention, Stewart.
The trial judge’s findings of fact, particularly those involving the credibility of witnesses testifying before him, are entitled to great weight and his conclusions as to the facts will not be disturbed unless found to be clearly erroneous. Miers v. Truck Insurance Exchange, 180 So.2d 559 (La.App. 3d Cir.1965); Motors Insurance Corporation v. Munson, 184 So.2d 558 (La.App. 3d Cir.1966); Gulf Machine Shop v. Poynter, 192 So.2d 606 (La.App. 3d Cir.1966).
*574 An important factual issue presented here is whether plaintiff entered the intersection on a red or on a green traffic light. The evidence is conflicting, and a determination of that issue must depend upon the weight or credibility which is attached to the testimony of at least some of the witnesses. We have examined the record, and we cannot say that the trial judge clearly erred in concluding that plaintiff entered the intersection on a red light. We, therefore, concur in that finding of the trial judge.
LSA-R.S. 32:232 (3) (a) provides that vehicular traffic facing a red traffic light shall stop before entering the intersection and shall remain standing until a green light or a “Go” signal is shown alone. Plaintiff was negligent in failing to stop before entering the intersection, and we agree with the trial judge that his negligence was a proximate and contributing cause of the accident, barring him from recovery. Reynolds v. Allstate Insurance Company, 176 So.2d 232 (La.App. 4th Cir.1965).
In our opinion, plaintiff would not be entitled to recover even if we should assume, as contended by him, that the traffic light facing plaintiff turned green a moment before he entered the intersection.
The law is settled that where traffic is controlled by an electric semaphore light, a motorist is guilty of negligence if he proceeds into the intersection immediately after a red light turns to green without allowing sufficient time for those in the intersection to clear it. Vico Insurance Company v. New Orleans Public Service, Inc., 177 So.2d 425 (La.App. 4th Cir.1965) ; McDaniel v. Grain Dealers Mutual Insurance Company, 182 So.2d 561 (La.App. 1st Cir.1966); Blue Ribbon Cleaners v. Aetna Casualty & Surety Co., 125 So.2d 613 (La.App. 4th Cir.1961); Earles v. Volentine, 191 So.2d 740 (La.App. 2d Cir.1966, Writ refused); Martin v. Slocum, 147 So.2d 454 (La.App. 2d Cir.1962); Potts v. United States Fidelity & Guaranty Company, 135 So.2d 77 (La.App. 2d Cir.1961).
In the instant suit, assuming arguendo that plaintiff entered the intersection a moment after the traffic light facing him turned from red to green, we would be compelled to hold that plaintiff is barred from recovery by his own contributory negligence in failing to maintain a proper lookout and in failing to allow sufficient time for the Stewart vehicle to clear the crossing.
The issue is not before us on this appeal as to whether Stewart is entitled to recover on his reconventional demand, since Stewart did not appeal and he did not file an answer to the appeal which was taken by plaintiff.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.