ON APPLICATION FOR REHEARING.
PER CURIAM.
As held in our original opinion, we find no manifest error in the trial court’s decision that Mrs. Green had the green light when she entered the intersection.
In the application for rehearing, appellant points out that we failed to consider several other allegations of error, which we now undertake to discuss.
Appellants’ most serious contention is that since Mrs. Green failed to look to the right before entering the intersection on the green light, she was contributorily negligent, citing Vico Ins. Co. v. New Orleans Public Service, Inc., La.App., 4th Cir. 1965, 177 So.2d 425; McDaniel v. Grain Dealers Mutual Ins. Co., La.App., 1st Cir. 1965, 182 So.2d 561; Martin v. Slocum, La.App., 2nd Cir. 1962, 147 So.2d 454; and Frugé v. Aetna Ins. Co., La.App., 3rd Cir. 1967, 194 So.2d 100.
In the instant case, Mrs. Green testified under cross examination to appellants’ counsel (Tr. 84 and 85) :
“Q. You testified that as soon as the light changed, you waited a few minutes and then started up and you went into the intersection, is that correct?
“A. Yes.”
At no point in the record is it suggested that Mrs. Green drove into the intersection immediately after the light changed from red to green for west bound traffic. It is on this basis that we distinguish these cases. In the Vico Insurance Co. case, supra, the Court held that plaintiff was at fault in entering the intersection immediately upon being faced by a favorable traffic light without first making certain that there was not in the intersection some other vehicle which had entered it and had been unable to clear it before a change in the light. The McDaniel case, supra, is distinguished for the same reason, although we acknowledge that the opinion does not make this point with certainty. In the Martin case, supra, the court denied recovery on the finding that the motorist proceeded into the intersection either against a red light or as it turned green without allowing sufficient time for the other vehicle to clear the intersection.
*846 We find the case of Frugé v. Aetna Insurance Company, La.App., 3rd Cir. 1967, 194 So.2d 100 to be in point. There, we distinguished cases similar to those relied on by appellant. We found that the unfavored motorist was not in the intersection, nor about to enter it, when the light changed. The award to the party with the green light was affirmed.
Three other complaints of error were urged by appellants. First, at the close of the trial, the trial court awarded to Mrs. Green the sum of $126 for medical expenses, but signed judgment awarding $146 to Mr. Green. Second, that the $126 medical bill of Dr. James E. Hines, Jr. was not properly identified since neither the Doctor nor any of his staff testified. Third, that Mrs. Green failed to prove any pain and suffering since she did not produce any medical testimony.
Defendants appellees conceded that the judgment signed by the trial court is at variance with the oral ruling of the Court and stipulated that the judgment should be amended to reduce the award to Mr. Green to the sum of $126.00.
We find that the trial Court correctly admitted the bill of Dr. James E. Hines, Jr. This bill was received through the mail by Mr. Green. It is itemized and shows that on the day of the accident, June 4, 1968, Mrs. Geraldine Green had a complete physical examination, had her left foot and ankle x-rayed, had laboratory work performed and took an inj ection. On June 5, 7, 10, 12 and 14th, she had physiotherapy and injections. The total bill came to $126.00. Mrs. Green testified that she received these treatments from Dr. Hines for injuries received in the accident. Furthermore, she testified that this bill was for those services.
Both Mr. and Mrs. Green testified that Mrs. Green suffered a great deal as a result of injuries to her left leg received in this accident. We find that the award of $75 to Mrs. Green for pain and suffering is in line with the evidence. It is apparent that the trial court, reduced what otherwise might be awarded for the reason that Mrs. Green failed to produce medical testimony. We concur In this reasoning.
For these reasons, the judgment is amended to award to Mr. Richard Green and against Fireman’s Insurance Company of Newark, New Jersey, and Laura S. Beauregard, jointly and in solido, the sum of $126.00, together with interest at the rate of five (5%) per cent per annum from date of judicial demand until paid. The award to Mrs. Geraldine B. Green and against these same defendants of $75.00, together with interest at the rate of five (5%) per cent per annum from date of judicial demand until paid, is affirmed. All costs are taxed to appellant.
The application for rehearing is denied.