SWIFT, Judge.
This appeal has been taken from a judgment in favor of plaintiffs awarding damages for the personal injuries and future medical expenses of their minor child which resulted from an automobile accident that occurred in Jefferson Parish at about 5 :00 P.M. on June 13, 1962.
The findings of fact of the trial judge are set forth succinctly in his reasons for judgment as follows:
“This action arose out of a collision between a 1961 Chevrolet, owned by Mr. Thomas Austin and a 1957 Ford owned by Charles Talamo. At the time of the accident the Austin car was being operated by Mrs. Austin and the Talamo car by Mr. Talamo.
“The collision took place at the intersection of the West Bank Expressway and Lafayette Street in Gretna, Louisiana. The Expressway is a four lane boulevard divided by a median. Two of the four lanes are for east bound traffic and two are for west bound traffic. Near the intersection of Lafayette Street there is an additional turning lane cut into the neutral ground on each side of said neutral ground. Additionally, there is a service road on each side of said Expressway. Lafayette Street is a two lane street running north and south, one lane for northbound and the other for southbound traffic. A semaphore traffic signal controls the intersection.
“Mrs. Austin was fourth in a line of cars headed north on Lafayette Street awaiting a traffic signal change from red to green. When the light changed she proceeded across the service road, across the east-bound lanes and the median of the Expressway. She further proceeded across the turning lane for traffic wishing to make a left turn on Lafayette Street and was struck as her car came abreast of the lane adjoining said turning lane. Her testimony was to the effect that she had the green light.
“Mr. Talamo was driving west on the Expressway in the lane adjoining the turning lane. He stopped for the red light and waved to some young ladies in a car similarly stopped to his right. He looked back at the light, saw that it had turned to green and started off. He first saw the other car ‘when I looked up after the collision,’ to quote the defendant.
“The testimony of the witnesses leads the Court to the conclusion that Mrs. Austin entered the intersection on a green light but the light changed while she was traversing the intersection. There is testimony to the effect that one of the cars in front of Mrs. Austin turned right. This may have impeded her progress. The young ladies to whom Mr. Talamo was waving saw the Austin vehicle crossing while the light was changing and the driver of their car, seeing the Austin car continuing to cross the intersection, did not go forward. The Austin car was seen by everyone except Mr. Talamo whose car only moved a few feet before the impact.”
There was a serious dispute in the testimony of the witnesses as to whether or not Mrs. Austin entered the intersection on a favorable light. However, there is substantial support in the record for the trial judge’s conclusion that she did, and *284 we cannot say he was manifestly in error either in this or in any other of his factual findings.
We also agree with the conclusion of the lower court that the principle of law applied in Blue Ribbon Cleaners v. Aetna Casualty & Surety Co., 125 So.2d 613 (La.App. 4 Cir.1961) governs this case. In a very similar factual situation this court decided that:
“The rule charging negligence to vehicles entering an intersection on an unfavorable signal light cannot be invoked against plaintiff, since plaintiff’s driver entered properly on a green light. However, the rule that a motorist must not enter an intersection after a red light turns green, until sufficient time is allowed for cross traffic to clear, must be invoked against defendant. Schindler v. Gage, La.App., 59 So.2d 215.”
Other cases recognizing the principle of Blue Ribbon Cleaners, that a motorist must allow sufficient time for vehicles to clear an intersection before proceeding therein after receiving the favorable signal, include Allen v. State Farm Mutual Automobile Insurance Co., 151 So.2d 122 (La.App. 1 Cir.1963); Potts v. United States Fidelity & Guaranty, 135 So.2d 77 (La.App. 2 Cir.1961); Bettis v. Paulsen-Webber Cordage Corporation, 217 So.2d 662 (La.App. 4 Cir.1962).
Counsel for defendant has cited a number of cases, including Youngblood v. Robison, 239 La. 338, 118 So.2d 431 (1960), as authority for the proposition that a motorist approaching and entering an intersection controlled by a traffic signal is entitled to assume that the signals will be understood and obeyed, and on entering the intersection with a favorable light he is not required to anticipate that the other motorists will proceed therein in violation of law. The Youngblood case is inapposite to the case at hand for the reason that there the automobile which was struck in the intersection had been driven therein on an unfavorable signal after the other driver Guice had entered the intersection lawfully on a green light.
We conclude the lower court correctly held that the sole proximate cause of the accident was the negligence of Charles Talamo in entering the intersection without allowing the Austin vehicle, which had lawfully entered the intersection on a favorable light, sufficient time to safely traverse same.
Turning now to the question of damages, plaintiffs’ minor child, James Austin, sustained an acute condition of the epididymis and a small indirect inguinal hernia on his right side which ultimately will require a corrective operation. He undoubtedly suffered considerable pain immediately after the accident and on numerous occasions thereafter. Additional pain and suffering and temporary disability will be experienced when he undergoes the operation. We do not feel that the award on his behalf of $2,500.00 was excessive.
No medical bills were introduced in evidence, but it was agreed between counsel that if the child’s hernia was repaired the expense thereof would amount to approximately $400.00. It is therefore clear that the award to Mr. Austin of this amount for his son’s future medical expenses is correct.
Appellees neither appealed nor answered the appeal. Consequently, the trial judge’s denial of Mr. Austin’s claim for damages to his automobile because of insufficient proof is not an issue before this court.
For the foregoing reasons the judgment of the lower court is affirmed at appellant’s cost.
Affirmed.