DOMENGEAUX, Judge.
This litigation arises from a vehicular accident which occurred on August 15, 1967, on North Carrollton Avenue in the City of New Orleans. At approximately 3:00 p. m., on that day, defendant drove his automobile from a parked position on the right hand lane of Carrollton Avenue onto the roadway. Plaintiff is the owner of a pickup truck which was proceeding along Carrollton Avenue in the same direction as was defendant. Shortly after defendant entered the travel lanes of Carroll-ton Avenue a collision occurred involving the right front of plaintiff’s truck and the left rear of defendant’s automobile. At the time the road was wet and it was drizzling rain.
Plaintiff sued defendant for the damage to his truck and defendant reconvened against plaintiff for the damage to his automobile. This suit was consolidated with another in which plaintiff’s workmen’s compensation insurer, Maryland Casualty Company, was proceeding against the defendant for subrogation for payments made by it to the driver of plaintiff’s truck, who was plaintiff’s employee and was injured in the accident. After a trial on the merits the trial court dismissed all claims. Plaintiff Veillon has appealed that judgment to this court but Maryland Casualty Company has not, nor has defendant answered the appeal.
The plaintiff produced two witnesses to' the accident. One of these was a passenger in his truck and fellow-employee of the driver. He testified that Carrollton Avenue, at the point we are concerned with, has two travel lanes and one parking lane on the right-hand side of the traffic. Separating the traffic flowing in opposite directions is a wide, raised neutral ground. The lanes flowing in the same direction are demarcated by intermittent white lines painted on the road’s surface. This witness testified that plaintiff’s truck was traveling in the center of the lane closest to the neutral ground headed toward the river. Suddenly, he said, the defendant’s automobile pulled out from a parked position on the right-hand side of the street and crossed the road at a 45 degree to 60 degree angle. He stated that the defendant’s vehicle traveled some 20 to 25 feet at about 15 miles per hour into the left lane of the road and therefore into the path of the truck. It was in that lane that the col *710 lision occurred according to this witness. He states that the truck never changed lanes and that following the collision it ended up on the neutral ground.
A second witness produced by plaintiff related substantially the same account of the events, except that she was quite certain that defendant had pulled out at a 45 degree angle. This witness was a fourteen year old girl who was standing on the corner of Dumaine and Carrollton, waiting to cross Carrollton when the accident occurred. The plaintiff’s truck came from her left, passed her, and went on to collide with the defendant’s car some distance to her right. Why this witness, who was waiting to cross the street in the rain and hence watching the traffic coming from her left, continued to watch the plaintiff’s truck as it traveled away from her on the right, is not clear to us. This is especially so in view of the fact that she states that she remembers no traffic behind the truck so that she could have crossed the street and found shelter from the rain.
The defendant testified that he was parked in front of a barbershop on Carroll-ton Avenue where he had taken his young nephew. He states that he exited from the barbershop, put the boy in the right side of his automobile, then walked around behind the automobile to get to the left side. He first observed plaintiff’s truck while he was standing behind his automobile, at a distance of some 500 to 600 feet from him and in its left lane of travel. He then entered the automobile, looked again, and seeing that the truck was still in the left lane, now about 400 or 500 feet away, he pulled out in the right lane. He testified that he had traveled about 80 feet in that lane when the truck left its lane of travel, partially entered his lane, and struck him in the left rear.
Defendant’s version is corroborated by a disinterested witness who was in an automobile following plaintiff’s truck. This witness told basically the same story as did defendant but added that the tires on plaintiff’s truck were bald. He opined that the reason for the accident lay in an apparent attempt by plaintiff’s truck to speed up on the wet pavement in order to pass defendant’s automobile. This he said caused the truck to swerve into the right lane of travel and when plaintiff’s driver applied the brakes on the truck it worsened the swerve. Upon colliding the truck and automobile locked bumpers and were swung around' to the left, landing on the neutral ground. This witness was certain that the defendant’s automobile never entered the left lane of travel prior to the impact.
A third defense witness, an insurance adjustor, testified as to the baldness of the tires on plaintiff’s truck. This witness made polaroid photographs of the front tires and one of the rear tires, which photographs were admitted in evidence. The dangerous lack of tread on these tires is clearly evident from the photographs, and this court can readily perceive how a truck with tires such as these might swerve about on a wet city street.
The question presented in this appeal is strictly one of fact revolving about the credibility of the two sets of witnesses. If, as plaintiff contends, defendant moved out from his parked position into the path of the oncoming traffic, then plaintiff should recover. LSA-R.S. 32:103; Pisa v. Oakley, La.App., 184 So.2d 80. However, if we accept defendant’s version, that he had entered the roadway safely and without danger or difficulty, and had progressed along that roadway for some 80 to 90 feet before plaintiff’s truck deviated from its former path and struck him, then certainly plaintiff may not recover. The trial court determined the issue in favor of defendant. He saw and heard the witnesses and unless he committed manifest error we may not overturn his conclusions. Lewis v. Liberty Mutual Insurance Company, La.App., 215 So.2d 138. It is evident from the foregoing that *711 there is no manifest error in his findings of fact.
While it is not clear to us why the trial court, after finding as he states in his oral reasons for judgment that the accident occurred solely because of the negligence of plaintiff’s employee, dismissed defendant’s reconventional demand, nevertheless defendant has not answered plaintiff’s appeal and we are therefore powerless to grant judgment in his favor. LSA-C.C.P. art. 2133; Close v. Lumbermens Mutual Casualty Company, La.App., 207 So.2d 571.
Accordingly the judgment appealed from is affirmed at appellant’s cost.
Affirmed.