CHASEZ, Judge.
Plaintiff, Charles W. Seaton, instituted this action against defendants, John J. Widlitze and Norma Widlitze, as parents and guardians of their minor son, John A. Widlitze, and John A. Widlitze individually, to recover damages sustained to plaintiff’s automobile as a result of a collision allegedly caused by the. negligence of defendants’ son. Defendant, Norma Wid-litze, filed an exception of no right or cause of action to plaintiff’s suit. Additionally, the defendants denied liability and asserted a reconventional demand against the plaintiff for damages to the automobile of John J. Widlitze that were allegedly caused by the plaintiff’s vehicle.
After trial on the merits, the First City Court of New Orleans dismissed the action against Norma Widlitze and rendered judgment in favor of plaintiff against John J. Widlitze and John A. Widlitze individually, jointly, and in solido in the sum of $821.88, plus legal interests and costs. It was further ordered that the demand in reconvention against the plaintiff be dismissed. The defendants have appealed this judgment.
The collision giving rise to this lawsuit occurred on May 3, 1970 at approximately 12:05 A.M. Consequently, night-time darkness prevailed and additionally the record also discloses that there was a drizzling rain on the area at the time. Plaintiff’s automobile was driven by Patricia Davis, plaintiff’s cousin by marriage. The automobile, owned by defendant, John J. Wid- *392 litze, was being driven by his son, John A. Widlitze. The accident occurred at the intersection of Chef Menteur Highway and Press Drive in the City of New Orleans. At this location, Chef Menteur Highway runs East toward the City and West away from the City; while Press Drive runs North towards the lake and South towards the river. Chef Menteur is a six lane highway with a neutral ground dividing the East and West traffic. Press Drive is a two lane street which also has a neutral ground to divide the traffic lanes for traffic proceeding North from Chef Menteur Highway. Part of the neutral ground on Chef Menteur has been recessed to form a lane reserved for traffic making a left turn into Press Drive. The intersection is controlled by electric signals. A separate signal for a left-turn only indicates with a green arrow when to make a left turn across the three lanes of Chef Menteur Highway.
The driver, Patricia Davis and two passengers, Roxanne Degreaux, a passenger seated in the right front seat, and Ronnie Seaton, a passenger in the left rear seat, testified on behalf of plaintiff as to the occurrence of the accident. Each testified that proceeding East on Chef Menteur Highway Miss Davis moved to the far left turning lane to execute a left turn. She entered the intersection on the green arrow and was in the process of moving North on Press Drive when the light changed. They also testified that two cars occupied the far left, inbound lane (the lane closest to the neutral ground) and the middle lane, and that these two cars remained stationary in their position, stopped for a red light, until after the accident.
Defendant, John A. Widlitze, testified that he was proceeding West on Chef Men-teur Highway in the far right hand lane and saw a red light at this intersection and that he was familiar with this particular crossing. He was travelling at a rate of about thirty miles per hour and at a distance of about “a half a football field away” he reduced his speed to about fifteen miles per hour and noticed the red light change to green for traffic headed in his direction of movement to continued onward. Widlitze also testified that the two automobiles in the far left and middle lanes started to move and that they ultimately blocked his view as he approached Press Drive.
Defendant’s automobile struck the plaintiff’s vehicle on its right front side as he entered the intersection. The driver of defendant’s vehicle also testified that he did not stop before attempting to proceed through the crossing as the semaphore signal was green.
When questions of fact are involved in litigation this court is guided by the rule that a trial court’s findings will not be disturbed unless manifest error is shown to be present. This rule of law is so firmly established that citations are unnecessary.
The trial judge gave no written reasons for judgment and the record contains no findings of fact. However, we are convinced from the facts as hereinbefore related, and the testimony in the record, that no error was committed by the trial judge.
We are satisfied that plaintiff’s vehicle entered the intersection on a green arrow which changed shortly thereafter. It is regrettable that the record does not contain the time sequence for the traffic control signals. Nevertheless, we note that Miss Davis had crossed the neutral ground area and two inbound lanes before the point of impact occurred in the third lane. We find no negligence by the driver of plaintiff’s automobile attributable to the plaintiff; on the contrary we find that the accident occurred as a result of the negligence of John A. Widlitze. The facts of this case and the settled jurisprudence convince us that defendant's vehicle and the driver thereof is guilty of negligence, which was the proximate, cause of the accident.
*393 Vehicular traffic facing a green signal must yield the right of way to other vehicles or pedestrians lawfully within the intersection at the time the signal is exhibited. LSA-R.S. 32:232(1) (a); Potts v. United States Fidelity and Guaranty Company, 135 So.2d 77 (La.App., 2d Cir., 1961).
The principal of law which governs this case has been applied by this court in numerous cases. In Austin v. Travelers Insurance Company, 236 So.2d 282, 284 (La.App., 4th Cir., 1970), we held, citing Blue Ribbon Cleaners v. Aetna Casualty & Surety Co., 125 So.2d 613, 615 (La.App., 4th Cir., 1961) that:
“[2, 3] The rule charging negligence to vehicles entering an intersection on an unfavorable signal light cannot be invoked against plaintiff, since plaintiff’s driver entered properly on a green light. However, the rule that a motorist must not enter an intersection after a red light turns green, until sufficient time is allowed for cross traffic to clear, must be invoked against defendant. Schindler v. Gage, La.App., 59 So.2d 215.”
In Bettis v. Paulsen-Webber Cordage Corp., 217 So.2d 662, 665 (La.App., 4th Cir., 1969) the defendant was executing a left hand turn and had crossed three traffic lanes before being struck by an automobile being driven in a fourth lane. Ruling in favor of the defendant in that case we held that:
“[5] Our settled jurisprudence is that where traffic is controlled by an electric semaphore light, although a motorist generally may rely on the assumption that others will obey the traffic signals, he is guilty of negligence if he proceeds into an intersection immediately after a red light turns to green without allowing a reasonably sufficient time for vehicles in the intersection to clear the intersection, even if such vehicles are in the intersection in violation of the traffic light. Close v. Lumbermens Mutual Casualty Company, La.App., 207 So.2d 571; * * * ” (See additional authorities cited therein.)
The award of damages need not be discussed because said damages were stipulated and are in conformity with the evidence and exhibits contained within the record.
For the above and foregoing reasons, the judgment of the lower court is affirmed at appellant’s cost.
Affirmed.