SAVOY, Judge.
This is a suit in tort arising out of an automobile accident which occurred on March 16, 1966, on Landry Road just outside of the City of Lafayette, Lafayette Parish, Louisiana. The accident occurred when plaintiff began a left turn into a private driveway at the entrance of Napasco Chemical Company, and her car collided with an overtaking automobile owned by defendant, Sarah Gercke, and being driven by her minor son, James W. Gercke. Mrs. Gercke and her liability insurer are named as defendants.
After trial on the merits, the district court found the driver of the Gercke car to be guilty of negligence, but also found that plaintiff was guilty of contributory negligence, and judgment was rendered in favor of defendants, dismissing plaintiff’s suit. From this judgment plaintiff has appealed to this Court. Defendants did not appeal or file an answer to the appeal.
As stated in appellant’s brief, the primary issue in this case is whether or not plaintiff was guilty of contributory negligence which proximately caused the accident.
The record shows that the accident occurred at approximately 8:00 A.M. on March 16, 1966, on Landry Road about *115 Moths of a mile westerly from the intersection of Landry Road and Bertrand Drive. That intersection is within the city limits of Lafayette, but the situs of the accident was outside the city limits, at the entrance to Napasco Chemical Company. Landry Road is a state highway with paving some 20 feet wide and with 18 to 20 feet shoulders on each side. Proceeding from the said intersection westerly, the road makes a slight curve and then is straight and level for a distance of some 900 feet on each side of the entrance at Napasco Chemical Company. At the time of the accident the weather was clear, and the highway was dry.
Plaintiff was proceeding in a generally westerly direction along Landry Road with intentions of making a left turn into the entrance of Napasco Chemical Company where she was employed. Following behind plaintiff’s car was a Ford Mustang driven by Ronald L. Nicko. James Gercke, age IS, was driving a 1965 Chevrolet automobile owned by his mother, Sarah Gercke, a widow. He lived with his mother in Lafayette. James Gercke and his older brother, George, who was a passenger in the right front seat, were also proceeding westerly along Landry Road on their way to Lafayette High School. James Gercke began to pass the two preceding vehicles. He passed the Ford Mustang; and as he began passing plaintiff’s car, plaintiff made a left turn, and the two vehicles collided. The point of impact was in the left or south lane of traffic at a point approximately two feet over the center line. The two vehicles were almost even at the point of impact, as the photographs show the original point of impact to have been at the front fenders, near the headlights, on the left side of plaintiff’s car and the right side of the Gercke car. Both vehicles were moved after the accident before the police officer arrived.
Plaintiff testified she was driving about 20 to 25 miles per hour, and that when she was about one block from her turn she observed the approach of the Mustang at about two blocks behind her; and that after she passed over the bridge located about 337 feet east of the driveway at Napasco Chemical Company, she turned on her left turn blinker signal, which remained working until the collision. She testified she next looked for traffic approaching from the rear at a distance of approximately 100 to 150 feet before her left turn, and at the time she noticed the Mustang was following her at a distance of 100 to 150 feet. She made no further observation to the rear as she slowed her car and made the left turn, and did not know of the presence of the Gercke car until the moment of the collision. She had slowed to almost a stop before she began her turn across the center line to the left. She stated the impact knocked her car back into the right lane where it came to rest just a few feet from the point of impact. Plaintiff also testified she had made the observations of the Mustang by her inside rear view mirror, but she had not looked into the rear view mirror affixed to the outside of her car.
Ronald L. Nicko, driver of the Ford Mustang immediately behind plaintiff, testified he had followed her since the intersection of Landry Road with Bertrand Drive. He stated she turned on her left turn signal lights well in advance, and also reduced her speed to make the left turn some distance ahead. He noticed the approach of the Gercke car from the rear, which appeared to gain on him rapidly, and estimated its speed as it passed him at possibly 45 to 50 miles per hour. At that time there was approximately 100 feet distance between his vehicle and that of plaintiff’s ahead. He stated that an oncoming car passed shortly before the Gercke car overtook him. He estimated defendant’s car had been in the left hand or passing lane a distance of at least 130 feet prior to the time that plaintiff began her left turn. He testified that plaintiff’s car came to almost a stop before making its left turn, and had moved across the center line about two feet at the point of impact.
*116 James Gercke testified he was driving about 30 miles per hour and came up behind the preceding cars before reaching the bridge. He then slowed and followed the other vehicles at a speed of about 20 miles per hour. At a point west of the bridge, after an oncoming car passed, he began making his passing maneuver, in second gear, reaching a speed of approximately 35 miles per hour at the point of impact. He also stated he thought there were three vehicles ahead of him including an older model car ahead of plaintiff’s car. He did not see any turn signals, but remembered seeing the brake lights of the Mustang blink on and off. He testified that as he came alongside plaintiff’s car, he felt the impact of the vehicles colliding, and that this was the first knowledge he had that plaintiff was going to make a left turn. He began his passing maneuver when the Mustang was about two car lengths ahead of him. After the collision he drove his vehicle on the left side of the road, stopping west of the point of impact. He stated that at the point of impact his car was in the middle of the passing lane. He did not sound the horn on his vehicle. George Gercke gave an account of the accident which was substantially the same as that of his brother.
George H. Carpenter, age 16, was driving a car following the Gercke vehicle. He stated that the cars were following in line prior to the bridge, and at a point approximately 100 feet beyond the bridge, James Gercke began his passing maneuver. He estimated the speed of the Gercke car at the time of the collision at approximately, 25 to 30 miles per hour.
The general rule of law applicable to this case is found in Wesley v. Home Indemnity Company, 245 La. 133, 157 So.2d 467, wherein the court stated:
“ * * * It is well settled that a motorist who attempts a left turn, or who attempts to turn from a direct line on the public highways of the State must ascertain in advance that the turn can be made without endangering normal overtaking or oncoming traffic and the giving of a signal is not the only burden placed on the motorist for he must, in addition, check the rear immediately before the turn is attempted to ascertain whether it can be executed safely.”
After having carefully examined the record in this case, this Court finds no manifest error in the holding of the district court that plaintiff was guilty of contributory negligence which was a proximate cause of the accident.
By her own testimony it is clear that plaintiff was negligent in turning to the left without looking for overtaking traffic immediately before she turned. Had she made a reasonable and proper observation to the rear, she could have seen the Gercke car in the process of passing her. After the Gercke car pulled out to pass the Mustang, there was nothing to obstruct plaintiff’s view of it. It then continued in the left lane past the Mustang, and then for the distance between the Mustang, and the plaintiff’s car, while the cars were in motion, to the point of impact. The Gercke car had moved to a point almost alongside plaintiff’s car at the moment she began her turn, as plaintiff’s car moved only a few feet to its left from the right lane of traffic to the point of impact, and at that moment the cars were abreast of each other. The evidence, therefore, shows the Gercke car was in the passing lane for a distance of some 150 to 200 feet, or more, prior to the point of impact, and should have been observed by the plaintiff.
Plaintiff relies mainly on the case of Procell v. Strange, 203 So.2d 739 (La.App. 3 Cir. 1967). In that case an automobile driven by plaintiff in the town of Zwolle attempted a left turn into a private driveway and was struck by the overtaking vehicle of defendant. There was also an intervening vehicle involved. However, there are several points which distinguish the Procell case from the one before us on appeal. In that case the accident happened *117 within the Town of Zwolle, and the court found defendant’s vehicle was traveling in excess of the speed limit, and overtook plaintiff at such a speed as not to make it unreasonable for plaintiff to have failed to see it. Also,' in that case plaintiff looked in the rear view mirror at a point approximately three car lengths before she began her turn, and again at a point about one car length before she made her turn. The Court of Appeal affirmed the findings of facts as made by the district court.
In the present case, we also affirm the findings of facts as made by the district court, which should not be disturbed unless clearly erroneous. In the instant case, the accident occurred outside the city limits of Lafayette, on a Louisiana highway, and there was no showing of a speed limit less than 60 miles per hour in the area. Nor was the speed of the Gercke vehicle such as to make it impossible for plaintiff to have seen it under the facts of this case. Plaintiff failed to look for overtaking traffic immediately before beginning her turn, but rather made her last observation to the rear at a point approximately 100 to 150 feet before her turn. She could have observed the approach of defendant’s automobile had she made proper observation to the rear immediately before her left turn, and her failure to do so was a proximate cause of the accident.
For another case involving facts similar to the one before us on appeal, see Lawrence v. Great American Indemnity Co. of N. Y., 107 So.2d 338 (La.App. 2 Cir. 1958).
In view of our holding on the issue of contributory negligence, there is no need for us to consider the evidence as to the negligence of James Gercke.
For the reasons assigned, the judgment of the district court is affirmed. All costs of appeal are assessed against plaintiff.
Affirmed.