CHASEZ, Judge.
The accident which gave rise to this litigation occurred on Friday, June 30, 1967 at approximately 6:00 P.M. in a semi-rural area of St. Bernard Parish. The vehicles involved were a 1967 Plymouth operated by Warren J. Thibodeaux, owned by Dous-san Incorporated, (Doussan herein) and insured for both liability and collision by Zurich Insurance Company. The other vehicle was a 1954 Chevrolet, owned and operated by William Cramer, and was apparently uninsured.
The accident occurred as the Cramer vehicle attempted to make a left turn off of the highway and was struck by the Dous-san vehicle being driven by Thibodeaux, while in the scope of his employment, and who was in the process of making a passing maneuver. A third car being driven by a witness, Luwisch, was between the Cramer vehicle and the Thibodeaux vehicle. In other words, Thibodeaux was attempting to pass both vehicles when he struck the Cramer vehicle in the left rear door and fender area as the Cramer vehicle was turning left off the highway.
The impact of the Thibodeaux vehicle with the Cramer vehicle propelled the latter into a fence which surrounded a Louisiana Power & Light Company substation.
On April 9, 1968 Louisiana Power & Light Company filed suit against Doussan Incorporated, Warren J. Thibodeaux (Doussan’s driver) and Zurich Insurance Company and also against William Cramer for property damage to its fence in the amount of $146.85.
On May 2, 1968 Doussan Incorporated, Warren J. Thibodeaux, and Zurich Insurance Company answered Louisiana Power & Light Company’s petition denying liability and as third party plaintiff joined William Cramer as a third party defendant and prayed that in the event they were cast in judgment in the main demand then William Cramer as third party defendant be cast in judgment for one-half the amount awarded plaintiff, Louisiana Power & Light Company.
On May 2, 1968 Doussan Incorporated and Zurich Insurance Company filed a petition naming William Cramer as defendant and prayed for property damages in the amount of $509.79, allegedly the damages incurred by the Doussan vehicle which Thibodeaux was driving.
On May 9, 1968 Cramer answered the petition of Doussan Incorporated and Zurich Insurance Company denying liability and also filed a reconventional demand against Doussan Incorporated and Zurich Insurance Company for personal injuries and property damage to his vehicle in the amount of $17,450.00 which damages were allegedly sustained as a result of the accident in question.
On May 13, 1968 Cramer answered Louisiana Power & Light Company’s petition denying liability. Cramer also an *124 swered Doussan Incorporated, Thibodeaux and Zurich Insurance Company’s third party demand denying liability and reurged his reconventional demand of May 9, 1968 praying for judgment against Doussan Incorporated, Warren J. Thibodeaux and Zurich Insurance Company, jointly and in so-lido, for the sum of $17,450.00.
On May 20, 1968 Doussan Incorporated, Warren J. Thibodeaux and Zurich Insurance Company answered the reconventional demands of May 9th and May 13th filed by Cramer and prayed for their dismissal.
By motion of counsel the cases were consolidated and heard together in the 25th Judicial District Court for the Parish of St. Bernard.
After a hearing on the merits judgments were rendered in the following manner. There was a judgment in favor of plaintiff, Louisiana Power & Light Company and against the defendants, Doussan Incorporated, Warren J. Thibodeaux and Zurich Insurance Company, jointly and in solido, for property damages to its fence in the amount of $146.85 with legal interest from date of judicial demand and for all costs. The demand of plaintiff, Louisiana Power & Light Company as against William Cra-mer was dismissed.
The third party demand of Doussan Incorporated, Warren J. Thibodeaux and Zurich Insurance Company against William Cramer for one-half of any amount it was held to be liable to Louisiana Power & Light Company, was dismissed. The demand of Doussan Incorporated and Zurich Insurance Company as plaintiffs and defendants in reconvention against William Cramer for property damages to the Dous-san Incorporated vehicle was dismissed. There was judgment in favor of William Cramer as defendant and plaintiff in re-convention against Doussan Incorporated and Zurich Insurance Company as defendants in reconvention, jointly and in solido, in the sum of $1,317.00, with legal interest from date of judicial demand and for all costs.
The substantive result of the trial court’s judgment is that the driver of the Doussan Incorporated vehicle (Thibodeaux) was held to have been negligent and that his negligence was the cause of the accident. William Cramer, the left-turning motorist, was completely exonorated from any negligence.
Doussan Incorporated, Warren J. Thibo-deaux and Zurich Insurance Company (appellants) have appealed and take the position that the award in favor of Louisiana Power & Light Company should be against Cramer alone, or, in the alternative, that he should be cast as a joint tort-feasor. They further contend that Doussan Incorporated and Zurich Insurance Company should be awarded property damages against Cramer and that Cramer’s recon-ventional demands against them should be dismissed.
Appellants basis for these contentions is that William Cramer executed an improper left turn in violation of statutory and jurisprudential requirements and was therefore negligent, which negligence was the proximate cause of the accident.
There has been no appeal as to the issue of quantum. Therefore the judgment of this court will be with reference to liability only.
As was previously stated the accident occurred when William Cramer attempted to turn left off of the highway into a power substation driveway in order to turn around because he had missed his left turn some distance back. As he executed his left turn his vehicle was struck by one being driven by Thibodeaux who was attempting to pass the Cramer vehicle as well as the Luwisch vehicle.
The law is unquestionable that before a driver may make a left turn off of a highway he must initially ascertain by careful observation that the maneuver can be executed safely without danger to normal overtaking traffic and must yield right-of-way to such traffic. Credeur v. *125 American Employees Liability Ins. Co., La. App., 220 So.2d 114 (3rd Cir. 1969). The burden rests heavily on the motorist who desires to make a left turn to explain how the accident occurred and to show that he was free from negligence. U. S. Fidelity & Guaranty Co. v. Bergeron, La.App., 148 So.2d 162 (1st Cir. 1962); Bouwell v. Marquette Casualty Company, La.App., 125 So.2d 168 (4th Cir. 1960).
Mr. Cramer testified that he gave a signal before he turned. Mr. Luwisch immediately behind Cramer testified that he saw Cramer’s brake lights but did not remember seeing any signal, either mechanical or by arm. Mr. Thibodeaux testified that Mr. Cramer gave no signal. Conceding that a signal was given, Mr. Cramer was not exonerated at that point. It was still his obligation to ascertain whether the turn could be made safely or not. In Ruple v. Travelers Indemnity Co., La.App., 129 So.2d 240, the court stated:
“The onerous burden placed upon a left turning motorist is not discharged by the mere signaling of an intention to turn. The giving of a signal, which fact is disputed in the instant case [as in ours], is immaterial if at the time the driver of the turning vehicle did not have the opportunity to make the turn in safety.” (Bracketed remark ours).
In Nugent v. Glover, La.App., 205 So.2d 129 (1st Cir. 1967), the court stated that the duty demands not only proper signaling of the intent to turn but also adequate observation to the rear.
Mr. Cramer, the left turning driver, was not asked on direct examination or on cross examination whether he looked prior to attempting his turn. In fact the record is completely devoid of any proof that he looked to ascertain whether it was safe to turn. The only conclusion that can be drawn is that either he did not look, or if he did look, he did not see what he should have seen, both of which amount to negligence.
Mr. Luwisch testified that he looked into his rear view mirror prior to the accident and saw the Doussan vehicle begin its passing maneuver some 150 feet back. As he was looking in the rear view mirror he saw the Doussan vehicle “nose-dive” as if the brakes were being applied. He then looked forward again and saw the Cramer vehicle turning. He saw no turn signal and did not see Cramer make any attempt to look to see if the left turn could be made safely. Luwisch further testified that the skid marks of the Doussan vehicle “started a good ways behind me”. Lu-wisch had pulled off the road and stopped when he saw the Doussan vehicle “nosedive” and start sliding.
Under the factual circumstances that appear from the record we find that Mr. Cramer did not look before he attempted to turn left into the substation driveway and that this not looking was negligence which was a contributory cause of the accident. We hold that the trial court erred in absolving Mr. Cramer from any negligence whatever. The judgment in favor of William Cramer as plaintiff in reconvention for personal injuries will accordingly be reversed.
The trial court found Thibodeaux to have been negligent in attempting a passing maneuver in a reckless and imprudent fashion without regard to the vehicle which preceded him and that Thibodeaux could have avoided the accident but for his excessive speed and careless driving. This finding of the court a quo is based primarily on the fact that Thibodeaux testified to the effect that just previous to the passing maneuver he was of the opinion that Mr. Cramer was going to attempt a left turn because of the slow rate of speed and that they were passing some houses on the left but that Cramer’s continued travel on the highway past the houses caused him to believe that Mr. Cramer had changed his mind.
The record supports the proposition that Thibodeaux was traveling too fast un *126 der the impending circumstances and that his attempt to pass did not include any consideration of the very slowly moving vehicle of Cramer. We will therefore affirm the finding of the trial court that Thibodeaux was negligent, which negligence was a proximate cause of the accident.
As both Thibodeaux and Cramer were negligent, neither is entitled to recover from the other. As joint-tortfeasors, both are liable in solido to Louisiana Power & Light Company Company for the stipulated amount of $146.85.
For the foregoing reasons the portion of the judgment dismissing Louisiana Power & Light Company’s demand as against William Cramer is reversed. The portion of the judgment dismissing the third party demand of Doussan Incorporated, Warren J. Thibodeaux and Zurich Insurance Company against William Cramer for one-half of any amount it was held to be liable to Louisiana Power & Light Company for is reversed. That portion of thé judgment in favor of William Cramer dismissing Dous-san Incorporated and Zurich Insurance Company’s suit for property damages to its automobile is affirmed. That portion of the judgment in favor of William Cramer as defendant and plaintiff in reconvention against Doussan Incorporated, and Zurich Insurance Company as defendants in re-convention, jointly and in solido, in the amount of $1,317.00, with legal interest from date of judicial demand and for all costs is reversed.
That portion of the judgment in favor of Louisiana Power & Light and against defendants, Doussan Incorporated, Warren J. Thibodeaux and Zurich Insurance Company is amended and judgment is rendered herein in favor of Louisiana Power & Light Company against defendants, Dous-san Incorporated, Warren J. Thibodeaux, Zurich Insurance Company and William Cramer, jointly and in solido, for property damages to its fence, in the amount of $146.85, with legal interest from date of judicial demand, and for all costs. Costs of this appeal are assessed to William Cra-mer.
Affirmed in part, amended in part, reversed in part and rendered.