LEMMON, Judge.
This is a suit for property damage to a residence owned by Philip V. Beilina and insured by Aetna Casualty and Surety Company. The Beilina home is located at the intersection of Madison Avenue and West Carmack Street in Chalmette. Two cars, driven by Mrs. Nita Johnson and Mrs. Roberta Townes, collided at this intersection, and the force of the collision propelled one vehicle into the Beilina residence.
Aetna paid Beilina for his nonsalvageable household contents and arranged for the repairs to the damaged structure. When the repairs were accepted by Beili-na, Aetna paid the contractor.
Aetna then sued the two drivers and their husbands, alleging its right of subro-gation for the amounts paid on the claim. Both sets of defendants answered, and the Townes additionally filed a third party petition against the Johnsons for personal injuries and automobile property damage caused by the collision.
After trial on the merits Aetna’s suit was dismissed because it did not produce or offer in evidence an act of subrogation or an insurance policy or cancelled checks in proof of its claim. The third party demand was also dismissed, since the trial court found Mrs. Townes negligent in the accident. Aetna perfected the only appeal in the case.
At the beginning of the trial Aetna presented evidence and then rested its case, whereupon the court recessed for lunch. When the trial resumed, Aetna requested that its case be reopened to allow introduction of proof of subrogation. Upon objection, the trial judge denied the request on the grounds that Aetna had rested its case.
The objective of our judicial system is to render justice between the litigants upon the merits of the controversy, rather than to defeat justice upon technicalities. Succession of Robinson, 186 La. 389, 172 So. 429 (1937); Vela v. Slavich, 162 So.2d 746 (La.App.1964). The denial of Aetna’s request produced a result completely unrelated to the merits of this case. The introduction of the requested evidence would have served the interest of justice and did not involve a hardship on the defendants or a substantial delay in the proceedings, and the basis of the judgment was the omission of the very evidence sought to be introduced. We hold that the denial was improper.
There was no appeal taken from the finding of Mrs. Townes’ negligence. *121 However, where an innocent third party is damaged as the result of a collision of two automobiles, each driver is presumed to be negligent and has an affirmative duty to overcome this presumption. Sewerage & W. Bd. of New Orleans v. Phoenix Ins. Co., 230 So.2d 293 (La.App.1970); Poche v. Frazier, 232 So.2d 851 (La.App.1970); Louisiana Power & Light Co. v. Doussan Inc., 235 So.2d 122 (La.App. 1970). In the event that Aetna proves its right of subro-gation on remand, the issues of Mrs. Johnson’s negligence and the amount of the damages must then be decided. It is proper that these issues be decided by the trial judge on the evidence originally presented before him, inasmuch as this case was tried without a court reporter and the record contains no transcript of the testimony.
The judgment appealed from is therefore set aside, and the case is remanded to the district court for the introduction of evidence on Aetna’s right of subrogation and for determination upon the original evidence of the issues of Mrs. Johnson’s negligence and the amount of the damages. The awarding of costs will await final disposition of the case.
Set aside and remanded.