LEMMON, Judge.
Mrs. Jacine Benjamin was a guest passenger in an automobile driven by her husband, which collided with a vehicle owned and driven by Joseph R. Pizzalato. After a trial on the merits of her suit against her husband’s insurer and Pizzalato and his insurer, the district court dismissed her suit. She appealed devolutively.
The accident occurred at 9:30 A.M. on June 19, 1965 at the intersection of Franklin and Kepler Streets in the city of Gretna in Jefferson Parish. At this point Franklin Street is a boulevard divided by a neutral ground forty feet in width. The intersection with Kepler Street is controlled by a semaphore signal light which, when green for traffic in both directions on Franklin Street, is red for traffic in both directions on Kepler Street, a two lane undivided street.
After the accident but before the trial, Mr. Benjamin died of causes unrelated to the accident. Therefore, the only two eye witnesses who testified in the trial court were Pizzalato and Mrs. Benjamin, and their testimony was irreconcilably conflicting.
Pizzalato testified that he was traveling towards Algiers on Franklin Street and stopped in obedience to a red light at the intersection in question. When the light changed to green, he turned left into the neutral ground area and again stopped for the light, which was now red for Kepler Street traffic. He intended to cross the opposite lanes of Franklin Street and continue on Kepler Street. However, according to his testimony, when the light turned green and just as he began to move forward slowly, he saw the Benjamin vehicle approaching on Franklin Street from the direction of Algiers. Realizing that the Benjamin car was not going to stop, he cut left into the neutral ground lane of Franklin Street and headed in the same direction as the Benjamin car. After he traveled some 50 to 60 feet in this direction, the right front of his vehicle was struck by the left rear of the Benjamin automobile as it allegedly cut in front of his car.
On the other hand, Mrs. Benjamin testified that her husband approached Kepler Street on a green light while traveling about 25 miles per hour in the neutral ground *742 lane. She further testified that Pizzalato made a left turn without stopping in the neutral ground area and crossed in their path.
The trial court observed that neither witness had a clear edge in credibility and held that plaintiff had failed to sustain her burden of proof. We do not agree.
The record is clear that the negligence of one or both of these drivers was the proximate cause of the accident, and that the plaintiff was not negligent in any respect. As an innocent third party, Mrs. Benjamin need only show circumstances which indicate that the negligence of Mr. Benjamin or Pizzalato[1] or both caused the accident, to be entitled to recovery under the doctrine stated in Poche v. Frazier, 232 So.2d 851, 856 (La.App. 4 Cir. 1970), writs refused 256 La. 266, 236 So.2d 36:
"Our law is well settled that when an innocent third party is injured as a result of a collision between two drivers, each of the drivers is deemed guilty of negligence per se[1] and the burden of proof falls upon each to exculpate himself from negligence proximately causing the injury to the third party.”
As further stated in Poche, supra, this doctrine applies equally to stationary[2] and moving innocent third parties, the key to the availability of the doctrine being freedom from negligence and proof of circumstances which indicate that the negligence of one or both of the drivers was the proximate cause of the accident.
In this case the trial court should have determined whether either driver (or their insurer) met this burden of exculpation, and should not have dismissed plaintiff’s claim because of her failure to prove which driver was negligent.[3]
Upon examination of the record, we believe that Pizzalato did not exculpate himself from negligence. The investigating officer's impression, when he took a statement from Pizzalato, was that this motorist had moved up Franklin Street, across the neutral ground, and back down Franklin in one continuous movement. The officer also testified that the vehicles came to rest after the collision in a different spot than that claimed by Pizzalato. Furthermore, Pizzalato testified that, as he left the stopped position in the neutral ground area, he looked both ways and saw the Benjamin vehicle 35 or 40 feet to the right. He could not possibly have turned left and traveled some 50 to 60 feet before the collision, nor could the collision have occurred in the manner described by him.
In our opinion Pizzalato failed to exercise proper care under the circumstances, and his negligence solely caused the accident, since we further find that there is no evidence of negligence on the part of Mr. Benjamin, and any presumption of negligence on his part has been negated.
*743 As to Mrs. Benjamin’s injuries, written reports of all doctors were introduced into the record by stipulation. Her primary complaints following the accident were severe low back pain, right biceps muscle ache, tenderness of cervical musculature, general muscle soreness, and numbness in the right hand. The treating physician, within two days of the accident, referred her to a neurologist, who diagnosed an acute cervical spine strain with preexisting degenerative disease of the cervical spine. He prescribed semi-bedrest, moist heat applications, muscle relaxant medicines and intermittent use of cervical traction, and returned her to the care of the treating physician.
About a week later, she was referred by the treating physician to an orthopedist for the low back problems. She was discharged from the care of the treating physician about one month after the accident, to continue under orthopedic care. The orthopedist diagnosed an aggravation of preexisting osteoarthritis of the lumbar spine, although she had no history of back pain prior to the accident. She was treated with hot baths, muscle relaxants and use of a lumbosacral corset. When she was finally discharged, she was advised to begin postural exercises and to continue use of the corset for an additional month, or until four months after the accident, after which the pain gradually subsided.
The 47 year old lady had a history of hypertension and was marked overweight, which contributed to her discomfort. It is our opinion that an award of $3,250.00 will be adequate compensation as general damages for her injuries sustained in this accident.
The special damages were stipulated as follows:
Physician expense $100.00
X-rays 50.00
Medicines 53.82
Surgical brace 23.18
Automobile repairs 169.02
$396.02
For the foregoing reasons, the judgment of the district court is reversed, and judgment is rendered in favor of Mrs. Jacine Benjamin and against Joseph R. Pizzalato and Maryland Casualty Company in the sum of $3,646.02, with legal interest from date of judicial demand until paid, and all costs of these proceedings. The suit against Phoenix of Hartford Insurance Company is dismissed.
Reversed and rendered.

. Our citation does not necessarily indicate our technical agreement with the term “negligence per se,” which here means presumption of negligence.

. See Aetna Casualty & Surety Company v. Johnson, 242 So.2d 119 (La.App. 4 Cir. 1970) where we very recently referred to this doctrine in connection with a stationary innocent third party, the insurer of n house at an intersection.

. In addition to the innocent third party situation there is a further reason why the trial court should have made a determination of negligence in this case. From the record it is clear that one of the drivers entered the intersection on a red light and the other was favored by a green light. When opposite versions of an accident are given and under either version at least some of the parties must necessarily recover, the trial judge must not declare a tie in the testimony, but must adjudicate the dispute, since the function of litigation is to resolve irreconcilable versions of an occurrence. Nelson v. Zurich Insurance Company, 247 La. 438, 172 So.2d 70 (1965) ; Marcantel v. Aetna Casualty & Surety Company, 219 So.2d 180 (La.App. 3 Cir. 1969); Wheeler v. Simonton, 215 So.2d 359 (La. App. 2 Cir. 1968).