248 So.2d 363 (1971)
Mrs. Grace B. JORDAN, wife of Charles R. Jordan, Individually and on Behalf of Her Minor Daughter, Betty Sue Byrd
v.
GREAT AMERICAN INSURANCE COMPANY, Members Mutual Insurance Company, Lawrence P. Pittman, Jr., and Julian Macias Cruz.
No. 4452.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1971.
Rehearing Denied June 7, 1971.
*364 Stanley A. Baron, New Orleans, for plaintiff and appellant.
W. K. Christovich, New Orleans, for Great American Ins. Co. and Lawrence P. Pittman, Jr., defendants and appellees.
John T. Cooper, New Orleans, for Members Mut. Ins. Co., defendant and appellee.
Before REGAN, CHASEZ and LEMMON, JJ.
LEMMON, Judge.
Plaintiff's minor daughter, a guest passenger in an automobile owned by Lawrence P. Pittman, Jr., and insured by Great American Insurance Company, was injured in an intersectional collision. The driver of the other vehicle, Julian Macias Cruz, was a resident of Texas and was allegedly insured by Members Mutual Insurance Company. Plaintiff sued Pittman and his insurer, including a claim under uninsured motorist coverage of the policy, as well as Cruz and Members.
Cruz was never served. Members denied coverage, based on cancellation of Cruz's policy prior to the accident, and the correctness of the dismissal of Members is now conceded on appeal. After trial on the merits, the district court also dismissed plaintiff's suit against Pittman and his insurer, holding that Pittman's minor son, the driver of his automobile, was not negligent in the operation of the vehicle and that the uninsured status of Cruz was not proved. Plaintiff appealed devolutively, primarily on the failure of the trial court to find young Pittman negligent.
The accident occurred shortly before midnight on January 29, 1968 in the City of Kenner in Jefferson Parish. Pittman traveled toward the Mississippi River on Williams Boulevard until he reached the Airline Highway, where he stopped in the left lane in obedience to a red light. Approximately three cars were also stopped in the right lane. He intended to cross Airline Highway and continue on Williams Boulevard.
An ambulance with a flashing light drove up behind him, and Pittman drove forward to a position in front of the first car on his right. He stopped at a slight angle, with about one-third of his car protruding onto the Airline Highway. The ambulance passed, turned right onto the *365 Airline Highway in front of Pittman, and proceeded in the direction of Baton Rouge.
Pittman waited in this position until the light turned green, whereupon he looked toward the intersection to determine that no cars were approaching from the opposite direction on Williams Boulevard (across a railroad track) and turning in his path. He proceeded toward the River, driving across the Baton Rouge-bound lanes of the Airline Highway, past the neutral ground area, then across a left turn lane and into the New Orleans-bound lanes, where he was struck by Cruz's automobile.
It was the unanimous testimony of all witnesses that Cruz ran a red light. Furthermore, Pittman admitted that he did not see the Cruz vehicle until a split second before the accident, nor did he look to his right after the light turned green.
Plaintiff contends that Pittman had an unobstructed view to his right and should have seen Cruz approaching from the direction before he entered the highway. We reject this burden on a driver with a favored light. Under modern traffic conditions, a motorist must be allowed to assume that an electric semaphore signal will be obeyed by other motorists. All that is required is that the favored motorist maintain a general observation of the controlled intersection. See Youngblood v. Robison, 239 La. 338, 118 So.2d 431 (1960); Bourgeois v. Francois, 245 La. 875, 161 So.2d 750 (1964).
This rule is particularly applicable in the present case. Pittman was occupied, as he should have been, in looking for other favored traffic approaching from the opposite direction, across a railroad track. He was not concerned, as he need not be, with unfavored traffic approaching from other directions.
Plaintiff would distinguish the Youngblood case where the motorist approaching the intersection was moving, while Pittman entered the intersection from a stopped position. We reject this distinction under the facts of the present case, which involved an intersection of two multi-lane thoroughfares with traffic flowing in various directions and a driver who had traveled from the stopped position across several lanes of traffic before the impact. We believe that the standard of care required by Youngblood also applies here. See also Schouest v. American Casualty Company, 204 So.2d 52 (La.App. 4 Cir. 1967).
In the present case an innocent third party was injured as a result of a collision between two drivers, and the burden is on each driver to exculpate himself from negligence. Benjamin v. Pizzalato, 245 So.2d 740 (La.App. 4 Cir.1971). We conclude that Pittman has successfully borne this burden.
As to the uninsured motorist claim, no evidence whatsoever was introduced to show that Cruz was in fact uninsured. As stated in Macaluso v. Watson, 188 So.2d 178, 180 (La.App. 4 Cir. 1966):
"The uninsured status of the offending motorist is a condition precedent to an insured's recovery against his insurer and, therefore, must be alleged and proven by the insured."
This burden has been somewhat altered by Act 345 of 1970 (LSA-R.S. 22:1406). While the act is probably not applicable to this case, the prima facie evidence required by that act was not even produced.
For the reasons assigned, the judgment of the district court is affirmed at plaintiff's cost.
Affirmed.