LANDRY, Judge.
Plaintiff appeals the judgment of the trial court rejecting his demands for damages for injuries, related expense, and property damage resulting from a three car accident which occurred on the Mississippi River Bridge section of U. S. Highway 190, between East and West Baton Rouge Parishes, at approximately 1:30 A.M., March 31,1968. We affirm.
The accident occurred a short distance west of the crest of the bridge. Prior to the accident, plaintiff was proceeding westerly in the right or outside lane of the two westbound lanes of travel, in his 1962 Chevrolet. David Allen, driving a Ford automobile, was proceeding westerly behind plaintiff in the same lane of travel. Gordon R. Koenig, an alleged employee, agent or officer of Southern Imports, Inc. (Imports), reputedly acting within the course of scope of his employment by Imports, was driving an unlighted 1963 Volkswagen, in a westerly direction in the left westbound lane. The Volkswagen belonged to defendant, Leroy Turner, who had committed the vehicle to Imports’ custody for repairs. Koenig either stopped the vehicle in the left lane or was proceeding therein at a very slow rate of speed. The accident happened when Allen attempted to pass plaintiff in the left westbound lane. Upon entering the passing lane, Allen observed the Volkswagen blocking his path and attempted to swerve back into the outside lane. However, his Ford struck the rear of the Volkswagen, spinning the latter vehicle into contact with plaintiff’s car. Immediately thereafter, plaintiff’s automobile was struck -by the Allen vehicle causing plaintiff’s automobile to go to .its right, strike the bridge railing, and come to rest on its left side.
Plaintiff sued Turner, Allen, Koenig, Imports and its insurer, The American Indemnity Company (American). Defendant Allen answered denying liability and alternatively plead plaintiff’s contributory negligence. In the further alternative, Allen contended plaintiff had the last clear chance to avoid the accident. Koenig was never served with process and made no appearance. Turner responded denying any liability on his part. He alleged that prior to the accident, he left his vehicle with Imports for repairs and that Imports’ employee, Koenig, was driving the automobile without his knowledge or consent at the *702 time of the accident. He also alleged that Koenig was acting within the scope and course of his employment by Imports at the time of the accident. Turner reconvened against plaintiff Palmer and third partied American for the sum of $928.40, representing the value of his vehicle which was rendered a total loss. Turner’s third party demand against American alleged that Koenig’s negligence was the proximate cause of the accident, thus rendering American liable under its policy which insured Imports and its employees against liability.
Imports answered both the main demand and third party action against it, denying that Koenig was either its agent, employee or representative acting within the course and scope of his employment. American presented a similar defense to both the principal and third party claims against it. American also defended on the ground that its insured, Imports, did not give timely notice of the accident. In further defense, American contended that its policy afforded no coverage because Koenig was not in the employ of Imports at the time of the accident.
At the trial American offered no testimony to support its defense of lack of notification of pendency of the claim against its insured. Koenig made no appearance either in response to the action or a subpoena issued to procure his appearance. None of the officers of Imports were available for questioning at the trial below. Plaintiff and third party plaintiff offered no evidence whatsoever to establish that Koenig was an employee of Imports or that his act of driving the vehicle at the time of the accident was within the scope and during the course of such alleged employment. The record simply shows that some time prior to the accident, Turner had committed his vehicle to Imports for repairs and that the vehicle was still in Imports’ possession when the accident occurred. It also appears that Imports’ place of business was situated on Florida Boulevard in Baton Rouge, Louisiana, but that at time of trial, the business was no longer in operation.
In the trial court and on appeal, Turner contends that since Imports was the bailee of his vehicle when the accident occurred, it is incumbent upon Imports to refuse the presumption that Koenig was its employee acting within the course and scope of his employment. Turner also maintains that the doctrine of res ipsa loquitur is applicable herein. Turner’s final contention is that where an innocent third party suffers damages at the hands of third parties, he may collect from them in solido, on authority of Benjamin v. Pizzalato, La.App., 245 So.2d 740, and Aetna Casualty and Surety Company v. Johnson, La.App., 242 So.2d 119.
Appellant Palmer insists that the trial court erred in finding that Koenig was not in Imports’ employ, and also erred in holding Koenig to be the sole tort-feasor.
As a general rule, a motorist running into the rear of another vehicle is presumed negligent and bears the burden of proving his freedom from fault. LSA-R.S. 32:81; Strother v. State Farm Mutual Automobile Insurance Company, La.App., 238 So.2d 774, and cases therein cited.
A well recognized and established exception to the foregoing rule holds to the effect that a motorist traveling by night is not charged with the duty of guarding against striking an unusual or unexpected obstruction which he had no reason to anticipate he would encounter on the highway. See Arnold v. Grain Dealers Mutual Insurance Company, La.App., 190 So.2d 261, and numerous cases therein cited. Under varying circumstances, a driver running into the rear of an unlighted vehicle has been absolved of liability. Each case, of course, must be viewed in the light of its own peculiar facts and circumstances.
The evidence establishes that Koen-ig was either driving Turner’s vehicle *703 westerly in the left lane of travel at a very slow speed or had stopped in that lane. The uncontested testimony of Palmer and Allen is that there were no lights on the Volkswagen. The testimony of the investigating officer, Palmer and Allen indicates that the point of impact was at approximately the end or just beyond the westerly end of the crest of the bridge. It further appears that both Allen and Palmer were proceeding up an incline leading to the crest of the bridge shortly before the accident occurred. On the basis of this evidence, the trial court properly concluded that Koenig was solely at fault. Under the circumstances, Allen may not be deemed negligent in failing to sooner see the Volkswagen in his path. The presumption of negligence ordinarily attending a rear end collision is not applicable in this instance. Allen was proceeding at a lawful rate of speed. Under the circumstances, he had a right to presume the highway ahead was clear and unobstructed. As he proceeded toward the crest of the bridge, he was under no duty to anticipate the presence of an unlighted vehicle blocking his path. The record shows that there was nothing to alert Allen to the presence of the unlighted vehicle ahead in the passing lane. Also significant is the fact that Allen collided with the unlighted car beyond the crest of the bridge. The facts of this case bring Allen squarely within the rule enunciated in Arnold, above, and the numerous authorities cited therein.
The doctrine of res ipsa loquitur invoked by Turner is clearly without application herein. Res ipsa loquitur is a rule of evidence, the applicability of which is determined at the conclusion of trial. J. C. Trahan Drilling Contractor, Inc. v. Cockrell, La.App., 225 So.2d 599. Where all of the facts and circumstances of an accident are known, the doctrine of res ipsa loqui-tur, and the resulting inference of negligence drawn therefrom, are inapplicable. Cockrell, above. Here the full facts attending the accident were disclosed at trial and affirmatively show that Koenig’s negligence was the sole proximate cause of the mishap.
We agree that Benjamin v. Pizzalato, La.App., 245 So.2d 740, and Aetna Casualty and Surety Company v. Johnson, La.App., 242 So.2d 119, are authority for the rule that where the negligence of two parties combines to injure an innocent third person, the offenders are solidarily liable to the victim. However, the rule in question is without application in this instance as Koenig alone was responsible for the damages claimed by plaintiff and third party plaintiff herein.
In essence, appellants contend that since Imports was bailee of Turner’s vehicle, Imports and American have the burden of refuting the presumption that Koenig was Imports’ employee, agent or representative acting within the course and scope of his employment when the accident occurred. Although no authority is cited for this proposition, we are aware of that line of authorities which hold that where an employee is driving a vehicle belonging to his employer, and is involved in an accident, the employer must refute the presumption that the employee was acting within the scope and during the course of his employment. Cofield v. Burgdorf, 238 La. 297, 115 So.2d 357; Longoria v. Progressive Mutual Insurance Company, La.App., 204 So.2d 93.
The above cited authorities are in-apposite herein. This record is completely devoid of evidence which even remotely suggests that Koenig was Imports’ agent, representative or employee at the time of the accident. It was incumbent upon claimants to establish this vital element before the claimed presumption became applicable. The fact that Imports was not the owner of the vehicle is also of some significance, but not necessarily the determining factor in concluding whether or not the asserted inference is applicable. Had the damage to Turner’s vehicle occurred on Imports’ premises, an entirely different case would be presented insofar as con *704 cerns Turner’s demand for the damages to his vehicle. Under the circumstances of this case, the mere fact that Imports was bailee of the Turner vehicle does not give rise to the presumption that the driver of the vehicle at the time of the accident was an employee, agent or representative of Imports. Moreover, as aptly noted by the trial court, the fact that the accident occurred at approximately 1:30 A.M. would in some measure militate against the presumption that Koenig was in the course and scope of his employer’s business at the time. So far as this record shows, Koenig could have been in unlawful possession of Turner’s vehicle.
American’s defense of lack of coverage is well taken. Under Part III, Garage Keeper’s Legal Liability, coverage is extended by subject policy for fire, explosion, theft, riot, etc., and also collision and upset as follows:
“The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:
‡ ‡ ‡ i{c ‡ ^
occurring while such automobile or other property is in the custody of the insured for safekeeping, storage, service or repair
(1) At a location stated in this policy or while temporarily removed therefrom in the ordinary course of the insured’s business, or
(2) Away from the premises if the insured is attending such automobile or property.”
Part IV of the policy, entitled “Persons Insured”, affords coverage to the named insured and also to:
“(2) With respect to garage operations other than the automobile hazard:
(a) Any employee, director or stockholder of the named insured while acting within the scope of his duties as such,”
It is settled jurisprudence that plaintiff, claiming by virtue of an insurance contract, bears the burden of proving every essential element on which his claim rests. Earhardt v. Dermody, La.App., 242 So.2d 80. A plaintiff seeking recovery from an insurer must prove the essential element of coverage; it is not the burden of the insurer to prove lack of coverage. Earhardt, above, Boyd v. White, La.App., 123 So.2d 835.
The record affirmatively shows that this claim does not fall within either applicable coverage provision of the policy in question. There was no coverage under the Garage Keeper’s Liability coverage. The automobile was not on Imports’ premises or in its custody at the time of the accident. Neither was it at a location to which it was temporarily removed during the ordinary course of Imports’ business. Nor was it away from the insured’s premises and attended by the insured. Pursuant to the Persons Insured coverage, protection was afforded Koenig only in the event he was shown to be an employee, director or stockholder of the named insured (Imports). Such proof does not appear of record.
The judgment of the trial court is affirmed. All costs of these proceedings to be paid by plaintiff, Carroll Palmer, and third party plaintiff, Leroy Turner.
Affirmed.