GULOTTA, Judge.
This is an appeal from a judgment dismissing plaintiff’s suit for damages and injuries as a result of an accident occurring on April IS, 1966 at the intersection of Jefferson Highway and Central Avenue in Jefferson Parish. The intersection is controlled by a signal light.
The facts are that Mrs. Iva F. Watts, wife of petitioner, was stopped in obedience to a red traffic light in the right traffic lane nearest the sidewalk on Jefferson Highway. She was in the outbound lane of traffic traveling in a westerly direction, (in the direction of Kenner). At the intersection, Jefferson Highway has three outbound traffic lanes and three inbound lanes as well as one turning lane. The lanes are separated by a neutral ground. A truck and another vehicle were on the two other outbound lanes to the left of the Watts automobile in a stopped position also in obedience to a red traffic signal.
Mrs. Patricia L. Cooper was driving her automobile in a northerly direction (in the direction of the lake) on Central Avenue. She crossed the inbound lane of Jefferson Highway, as well as the neutral ground and two lanes of the outbound highway, and was struck on the right front side by the Watts vehicle as Mrs. Watts was attempting to make a right turn into Central Avenue. The dispute arises when both parties claim the benefit of the green light.
The trial judge assigned no reasons in dismissing plaintiff’s suit. We are, therefore, unable to ascertain his factual determinations; nevertheless, we find no error in the result. We are convinced from consideration of the record that the Cooper vehicle entered and crossed the intersection on a red light. We are also convinced, however, that Mrs. Watts (though favored by a green light) failed to exercise the proper degree of care and observation before entering the intersection.
Mrs. Linda Ashley, a 16 year old high school student at the time of the accident, was standing on the Kenner lake side of the intersection across Central Avenue from the Watts vehicle. According to her testimony, she saw the light change to red for traffic traveling on Central Avenue before the Cooper vehicle entered the intersection. She stated that Mrs. Cooper accelerated her automobile and crossed the entire intersection on a red light.
Mrs. Ashley further testified that Mrs. Watts started her right turn on a green light and after she moved approximately one car length, the vehicles collided. Mrs. *256 Watts, according to Ashley, was looking to the right. The two stopped vehicles on Jefferson Highway to the left of the Watts automobile remained in a stopped position.
Mrs. Ashley’s testimony was corroborated by that of Mrs. Watts. She insisted that she commenced to negotiate the turn only after the light turned green in her favor. Mrs. Watts also added that she was looking in the direction in which she was going and to the right. She did not look to the left and did not see the Cooper vehicle until the impact.
We find this testimony significant. It is apparent from Mrs. Watts’ statement and the testimony of Mrs. Ashley that although the Watts vehicle was favored with a green light, Mrs. Watts failed to exercise the care required before entering the intersection. Her failure was in not looking to the left before entering the intersection to ascertain if it was clear of moving traffic. There was no indication that she could not have seen defendant had she looked to her left.
In the case of McDaniel v. Grain Dealers Mutual Insurance Co., 182 So.2d 561 (La.App. 1st Cir. 1966), which involved a similar factual situation, the court concluded that although the plaintiff was favored with a green light, nevertheless she was contributorily negligent. In affirming a dismissal of plaintiff’s claim, the court stated at page 562:
“Further, even if the light were green for Mrs. McDaniel, when she entered the intersection, her failure to take the elementary precaution of glancing to her left before starting up would make her contributorily negligent.”
Although a different result was reached by us in the case of Jordan v. Great American Insurance Company, 248 So.2d 363 (La.App. 4th Cir. 1971), the court recognized in its opinion that the favored motorist is required to maintain a general observation of the intersection. Furthermore, in Jordan, the driver favored with the green light was occupied with traffic coming in the opposite direction also favored by a green light. Moreover, he (the favored driver) had crossed one outbound traffic lane and neutral ground before he was struck by the other vehicle. We do not quarrel with the result reached in Jordan. The facts are different from the instant case.
Also, in Rome v. S. D’Antoni, Inc., 246 So.2d 331 (La.App. 1st Cir. 1971), writs refused, May 24, 1971, recovery was denied to plaintiff where favored with a green traffic light plaintiff looked but did not see the approaching vehicle. The court in that case stated at page 334:
“ * * * The Supreme Court has also repeatedly held that where the motorist on the favored street could have avoided the accident by the exercise of the slightest degree of observation and care, he will be deemed guilty of negligence constituting a proximate cause of the accident. * * * ”
Accordingly, it is our conclusion that the negligence of Mrs. Watts bars plaintiff’s recovery. Judgment is affirmed.
Affirmed.