CULPEPPER, Judge
(dissenting).
It is my view that the plaintiff was guilty of contributory negligence in attempting to overtake and pass two vehicles when it was not reasonably safe to do so.
LSA-R.S. 32:75 provides that no motorist shall overtake and pass another vehicle on the left “unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken." (Emphasis supplied)
Our jurisprudence holds generally that a motorist passing on the left side is also bound to exercise prudence and caution commensurate with the condition of traffic at the time. For instance, in Ducote v. Allstate Insurance Company, 242 So.2d 103 (La.App. 1st Cir. 1970), the court held the overtaking and passing motorist negligent where he attempted to pass a chain of three automobiles in the dark, at a time when he could and should have seen that the first automobile was stopped with his left turn blinker light flashing. In Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963), the overtaking motorist was held negligent where he did not see the signal lights of the overtaken vehicle giving notice of intention to execute a left turn, and where he swerved into the passing lane at a time when it was not reasonably safe to do so. See also Louisiana Power & Light Company v. Doussan, Inc., 235 So.2d 122 (La.App. 4th Cir. 1970); Stewart v. Robert, 262 So.2d 139 (La.App., 1st Cir. 1972) and Motors Insurance Corporation v. Howell, 266 So.2d 240 (La.App., 2d Cir. 1972).
In the present case, plaintiff was following only one car length behind the truck, which blocked his vision to the front. When the truck reduced its speed to 25 or 30 miles per hour, plaintiff should have known there was some traffic hazard ahead, which he could not see. This should have caused him to use extra caution. Instead, he commenced a passing maneuver in disregard of a hazard which he should have reasonably anticipated.
For the reasons assigned, I respectfully dissent.