LEMMON, Judge.
Plaintiff’s building was damaged when struck by a rented trailer, which became detached from Harry G. Brewer’s moving automobile. Plaintiff sued Brewer, Auto Trailer Rental, Inc. (the trailer lessor), and their insurers. Auto Trailer and its insurer have now appealed from an adverse judgment following a trial on the merits.
After attaching a portable trailer hitch to the rear bumper of his vehicle, Brewer drove to Auto Trailer’s lot and rented a trailer. An Auto Trailer employee connected the trailer to Brewer’s hitch. Brewer then left and had driven approximately three miles, when the trailer suddenly detached and struck plaintiff’s building.
The owner of Auto Trailer examined the trailer and hitch shortly after the mishap. He found that neither the hitch on Brewer’s bumper nor the coupler on the trailer were defective, but that the nut on the coupler was loose. In his 15 years of experience he had never seen a hitch ball come out of this type of coupler, even when a trailer overturned. He stated that the coupler, if properly tightened when the trailer left his premises, could not have worked loose unless someone had tampered with the connection.
Auto Trailer’s employee testified that he had properly tightened the coupler and had checked the connection by determining with his fingers that the lip of the coupler was on the ball of the hitch. He also testified he had affixed the safety chain.
Brewer testified that he had not tampered with the connection at any time. However, Auto Trailer produced a witness, Kenneth Potter, who had left the trailer yard just as Brewer arrived. Potter testified that while stopped at a service station a few miles from Auto Trailer’s lot, he noticed the tail gate on his trailer was missing and immediately retraced the route he had taken. While on Claiborne Avenue, near the Orleans-Jefferson Parish line (at which point the avenue is divided by an open canal), he saw Brewer’s car and trailer stopped in the parking lane, with Brewer standing near the rear of his car. Pot *71 ter had never seen Brewer prior to that morning at Auto Trailer’s premises.
On the other hand, Brewer admitted that he pulled over in the parking lane for several seconds to allow traffic to pass after he had made a wide turn upon entering Claiborne Avenue, but he denied that he ever got out of his car. Furthermore, he stated that he was familiar with Potter’s truck, having previously hauled cattle in it with the former owner. He had noticed the truck when Potter left the trailer lot, and he noticed it again on the highway (at a point far away from that identified by Potter), particularly wondering why Potter’s truck and trailer were coming back so soon after leaving the yard.
The trial judge found that:
“. . . the preponderance of said evidence and testimony indicates that the hitch and safety chain were improperly installed in the trailer rental yard.
“Not only did the nut work loose, but, in addition, the safety chain did not hold once the ball came out of the socket.
“The Court does not believe that Mr. Brewer worked on or adjusted the hitch after leaving the trailer rental site and before the accident occurred.”
When a plaintiff (himself free from negligence) establishes that the negligence of one or more of several defendants caused his damage, each defendant must then proceed to exculpate himself from the inference that he was negligent, and the trial court must resolve the conflicting evidence and determine the probabilities or improbabilities of the statements of the respective defendants in the light of their capacity, their opportunity or incentive for observation, the amount of corroboration and the degree of proof required. Nelson v. Zurich Insurance Co., 247 La. 438, 172 So.2d 70 (1965); Benjamin v. Pizzalato, 245 So.2d 740 (La.App. 4th Cir. 1971).
In the present case plaintiff proved that its damage occurred because the nut on the coupler had not been properly tightened and that either Brewer or Auto Trailer’s employee was responsible for this condition. Brewer and Auto Trailer’s witnesses presented conflicting evidence bearing on the question as to who was responsible for the coupler being loose. Although Brewer was a party and Potter was an apparently disinterested witness, we cannot say after reviewing the record that the trial judge committed manifest error in his credibility evaluation and his resolution of the conflicting testimony.
The amount of plaintiff’s damage was stipulated.
The judgment is affirmed.
Affirmed.