291 So.2d 919 (1974)
Jerry P. HUGHES
v.
Bessie G. WILLIAMS, wife of/and Johnnie Williams.
No. 5992.
Court of Appeal of Louisiana, Fourth Circuit.
March 8, 1974.
*920 Lawrence E. Larmann, New Orleans, and George B. Richard, Marrero, for Jerry P. Hughes, plaintiff-appellee, defendant in reconvention.
Marvin C. Grodsky and Earl J. Higgins, New Orleans, for Bessie G. Williams and Johnnie Williams, defendants, plaintiffs in reconvention and appellants.
Before STOULIG and BOUTALL, JJ., and MARCEL, J. Pro Tem.
BOUTALL, Judge.
Plaintiff sued to recover damages to his automobile as a result of an intersectional collision with the automobile of defendants. The defendants reconvened for damages to their automobile. Judgment was rendered in favor of plaintiff and the reconventional demand was dismissed. The defendants have appealed.
The collision occurred in the intersection of Palmetto and Dublin Streets in the City of New Orleans. This intersection is controlled by a traffic semaphore signal. The issue simply put is which driver had the red light. Plaintiff testified that he was traveling on Dublin Street, and that at its intersection with Palmetto he stopped for a red light. After the light changed to green, he proceeded across the lakebound lanes of Palmetto, across a bridge spanning a canal which divides the lakebound and riverbound lanes, and then proceeded to make a left turn into the riverbound lanes of Palmetto in order to approach Carrollton Avenue. While so turning, his vehicle was struck on the right door by the left front fender of the defendant's vehicle. As opposed to this, the defendant driver testified that she was traveling on Palmetto Street in a direction toward Carrollton Avenue, and that she was in the left hand lane of traffic as she approached the intersection. Five feet from the intersection the light which was green in her favor changed to yellow or caution, and that since she was too close to the intersection to stop, she proceeded across the intersection, striking plaintiff's vehicle as above mentioned. It is obvious from the testimony of the parties and their description of the area that one or the other entered the intersection in disregard of a red light. The trial judge, although he gave no reasons, obviously agreed with the testimony of the plaintiff and disagreed with the testimony of the defendant driver, and we find no error in his conclusion.
In order to understand the situation, it is necessary to describe the area of the collision. Palmetto Street consists of two lanes of traffic heading towards the lake or Metairie on one side, and two lanes of traffic heading towards Carrollton Avenue on the other side, separated by a large canal *921 spanned by a bridge. Dublin Street is a one-way street running in a westerly direction perpendicular to Palmetto, and on the far side of Palmetto the street is offset somewhat towards Carrollton Avenue so that it does not make a straight-through intersection, but creates a "T" intersection, with both lanes of Dublin Street traffic forced to make a 90 left turn onto Palmetto riverbound. In addition to the customarily placed traffic lights, there is an additional traffic light placed on the far side of Palmetto approximately even with the center line of the two traffic lanes of Dublin crossing the bridge, so that drivers crossing this bridge directly face this light, which contains a green arrow signifying that the driver must turn to his left (otherwise he would run straight across Palmetto into some buildings). The uncontradicted testimony is that traffic on both sides of Palmetto does not move simultaneously, but that the green arrow remains on longer on that side of Palmetto, apparently to enable traffic to clear the bridge, facilitating the traffic flow on the Metairie bound side of Palmetto. The evidence also shows that the pillars of the bridge afford some obstruction to the vision between automobiles crossing the bridge and those approaching on Palmetto.
The evidence in this case consists primarily of the testimony of the two drivers. The trial judge necessarily had to resolve a question of credibility and determine which driver was telling the truth. He resolved the question of credibility by believing plaintiff driver, and because of the unique position of the trial judge in weighing and sifting the testimony and the evidence and observing the demeanor of the witnesses, we cannot disturb his finding. Appellee contends, however, that the trial judge was incorrect in certain evidentiary rulings.
Appellee objected to the introduction into evidence of a police report concerning the accident. As we view the record, the way this document got into evidence was as follows: The case was begun by plaintiff's attorney calling defendant driver under cross-examination, and defendant driver was asked if she made a statement to the policeman investigating the accident. She stated that she did, and she was then asked if the statement as written by the policeman was correct. She agreed that it was. Objection was thereafter made to the questions, but only on the ground that the plaintiff's attorney was seeking to impeach or test the credibility of the defendant under cross-examination, without first setting forth some independent standard upon which to base the impeachment. The trial judge overruled the objection without giving any reasons. As we view the situation, it is permissible for a litigant to ask the opposing litigant questions concerning admissions made immediately after the accident, and upon this basis we agree with the trial judge's ruling. At the close of the trial there was some discussion as to whether or not the police report had ever been placed in evidence, and apparently, at the suggestion of the trial judge, the police report was introduced into evidence for whatever purpose it may have. While certainly it was not admissible as primary evidence, it was admissible to serve as the basis upon which the previous questions had been asked. We have examined the report, and we find nothing in the report to indicate that the officer reported defendant driver's statements incorrectly, nor did he make any conclusion as to fault. Instead, he simply stated that because of the conflicting statements of the drivers, he felt no further action was necessary on behalf of the police department. While we are unable to say if the trial judge attached any evidentiary value to the report, we see none in this case such as would constitute ground for error.
Appellant has also assigned as error in oral argument before us that the trial judge announced that he would visit the scene of the accident to view the area. There is nothing in the evidence to show that he did visit the scene or that he based his judgment in any part upon such a possible visitation. We agree with the contention *922 that the trial judge should not do so, but should rely solely upon the record. As we previously mentioned, relying solely upon the record, we find sufficient reason to maintain the judgment of the trial court.
Appellant alternatively contends to us that even though the defendant may have been guilty of negligence, that the plaintiff was guilty of contributory negligence in not ascertaining that the way was clear before proceeding into the intersection. In this regard we are referred to our decision in the case of Watts v. Cooper, 277 So.2d 254 (La.App. 4th Cir. 1973). We do not believe that the rationale of the Watts case is controlling of the situation here. To the contrary, we rely on the rationale we expressed in the case of Jordan v. Great American Insurance Company, 248 So.2d 363 (La.App. 4th Cir. 1971). This is not a situation where a driver starts forth without any observation of the intersection at a time when the intersection has already been preempted by another vehicle and the way is not clear. In the present case, as in Jordan supra, the driver began with a green light and traversed a considerable part of the intersection, and found himself in a position where he must necessarily direct his attention to the most hazardous part of his travels. It is apparent that no driver can look in all directions at one time, and in this case, because of the offset nature of the intersection, and because of the great danger of adjacent vehicles in adjoining traffic lanes making a very sharp (in fact, 90) left turn at the same time, the driver must necessarily focus his main attention upon such traffic lanes, which, having the favored light, he must be held to expect traffic to be using.
For the reasons above stated, we are of the opinion that the judgment appealed from should be affirmed.
Affirmed.
STOULIG, J., dissenting.
STOULIG, Judge (dissenting).
I respectfully dissent. This matter involves an intersectional collision (an offset deviation of Dublin Street beyond Palmetto Street creates a variant of a "T" intersection). I am convinced, based upon the testimony of both drivers, that had either of them acted prudently by exercising a reasonable observation of existing traffic conditions, this accident would have never happened.
According to the appellant, she did not look to her left, the direction from which the appellee's vehicle was approaching, but focused her attention exclusively on the traffic signal, which she testified changed to caution when her car was approximately 5 feet from the intersection.
The appellee testified that he did not look at the signal light, assuming it to be favorable, nor did he look to his right, the direction from which the appellant's car was proceeding. He stated that he was looking through his side view mirror for overtaking traffic which may be attempting to pass on his left. It cannot be said that his failure to look in the direction of the appellant's car was attributable to his attention being directed toward oncoming traffic, for he was proceeding on a one-way bridge over a canal.
I am mindful of the admonition that the factual findings of the trial judge, in the absence of manifest error, are binding upon appellate forums. However when the testimony of a litigant, which the trial judge obviously accepted as the basis for his judgment, is tantamount to an admission of negligence under the circumstances surrounding the incident, then the findings of the trial judge are no longer factual but become questions of law.
In the instant matter by a mere casual glance the appellee could have discovered the presence of the appellant's car and readily appreciated that he could not safely undertake his turning movement. His failure to do so constitutes negligences which directly contributed toward the occurrence of the accident. In my opinion both drivers were guilty of efficient concurrent negligence which bars recovery by either of them.